**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**_____ DIVISION**

Case No._____-_____



**813268 ONTARIO, INC., as**
**General Partner of OAKLAND**
**PARK (FLORIDA) LIMITED PARTNERSHIP,**
**an Ontario limited partnership;**
**as limited partner of, and on behalf of**
**OAKLAND LAKES, LTD.,**
**a Florida Limited Partnership;**

      **Plaintiff,**

**vs.**

**OAKLAND LAKES, LTD.,**
**a Florida Limited Partnership,**
**WILLIAM O. BRISBEN, W.O. BRISBEN**
**COMPANIES, INC., and ROBERT E. SCHULER,**
**as General Partners of OAKLAND LAKES, LTD.,**
**THE SECRETARY OF HOUSING AND**
**URBAN DEVELOPMENT, and**
**CONDOR ONE, INC., a Delaware Corporation,**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff, 813268 ONTARIO, INC., as general partner of OAKLAND PARK

(FLORIDA) LIMITED PARTNERSHIP, an Ontario limited partnership; as limited partner of,

1

and on behalf of OAKLAND LAKES, LTD., a Florida Limited Partnership; sues OAKLAND LAKES, LTD., a Florida Limited Partnership, WILLIAM O. BRISBEN, W.O. BRISBEN COMPANIES, INC., and ROBERT E. SCHULER, as General Partners of OAKLAND LAKES, LTD., THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, and CONDOR ONE, INC., a Delaware Corporation, and alleges:

## I. INTRODUCTION

1.     This is a limited partner derivative action pursuant to Florida Statute Section 620.163, seeking declaratory relief pursuant to Florida Statutes Chapter 86, as authorized by 28 U.S.C. § 2201, to set aside a provisional workout arrangement (the "Workout Arrangement") effective February 1, 1995, by and between the Secretary of the United States Department of Housing and Urban Development ("HUD") and Oakland Lakes Ltd., a limited partnership organized and existing under the laws of the State of Florida (Oakland Lakes), whose primary place of business is 2325 N.W. 33rd Street, Fort Lauderdale, Florida 33309 and for damages against Defendants William O. Brisben, W.O. Brisben Companies, Inc. and Robert E. Schuler.

## II. JURISDICTION

2.     This action is properly before this Court pursuant to 12 U.S.C. § 1702 because the subject of the Workout Arrangement and HUD's participation as a party thereto were undertaken by HUD pursuant to its administration of the National Housing Act.

2

3.    Federal question jurisdiction is proper under 28 U.S.C. § 1331, in that this action arises under laws of the United States.

4.    Diversity of citizenship jurisdiction is proper under 28 U.S.C. § 1332, in that Plaintiff, 813268 ONTARIO, INC. is a Canadian corporation and is the general partner of Oakland Park (Florida) Limited Partnership ("Oakland Park"), a limited partnership organized and existing under the laws of the Province of Ontario, Canada; Defendant Oakland Lakes is a limited partnership organized and existing under the laws of the State of Florida; Defendant William O. Brisben is a resident of Ohio, Defendant W.O. Brisben Companies, Inc. is an Ohio Corporation, Defendant Robert E. Schuler is a resident of Ohio; Defendant, Condor One, Inc. ("Condor"), is a corporation that was organized and is validly existing under the laws of the State of Delaware; Defendant, HUD, is deemed to be a federal corporation and a citizen of the District of Columbia for purposes of diversity jurisdiction;  and the amount in controversy exceeds $75,000.00.

### III. VENUE

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (e).

### IV. PARTIES

6.    Plaintiff Oakland Park is an Ontario Limited Partnership formed for the purpose of investing capital in Defendant Oakland Lakes, and which did in fact invest in excess of 1.8 million dollars in Oakland Lakes, and executed the Amended Limited

Partnership Agreement described in paragraph 23 herein, as the investor limited partner, with an ownership interest in Defendant Oakland Lakes of 50%.

7.    Defendant Oakland Lakes is a Florida limited partnership formed for the primary purpose of ownership and development of certain real and personal property as an apartment complex of approximately 387 units located in Oakland Park, Broward County, Florida, which apartment complex is currently owned and titled in Oakland Lakes and is presently known or does business as the "Sailboat Pointe Apartments". The apartment complex owned and operated by Oakland Lakes was formerly known and did business originally as the "Lakes of Casablanca Apartments".

8.    Defendant William O. Brisben is a General and limited Partner of Oakland Lakes, holding a 5% ownership interest as general partner and a 30% or greater interest as limited partner. William O. Brisben, as general partner, had all of the rights and obligations of a general partner as provided in the Amended Limited Partnership Agreement described in paragraph 23 herein.

9.    Defendant W. O. Brisben Companies, Inc. is a General Partner of Oakland Lakes, holding a 0.1% ownership interest, and, as general partner, had all of the rights and obligations of a general partner as provided in the Amended Limited Partnership Agreement described in paragraph 23 herein.

10.    Defendant Robert E. Schuler is a General Partner of Oakland Lakes, holding a 4.9% ownership interest, and, as general partner, had all of the rights and obligations of a general partner as provided in the Amended Limited Partnership Agreement described in paragraph 23 herein.

4

11.    HUD is an agency of the United States government charged with administering the National Housing Act.

12.    Condor is a Delaware Corporation to which HUD purportedly assigned the Mortgage and Loan Documents described herein, which are the subject of the Workout Arrangement.

## V.  GENERAL ALLEGATIONS

13.    Beginning in or about 1989, Oakland Lakes initiated negotiations to obtain favorable, low interest mortgage financing for the development, construction, ownership, and operation of the Lakes of Casablanca apartment project on the property owned by Oakland Lakes and located at 2325 N.W. 33rd Street, Fort Lauderdale, FL 33309, Oakland Park, Broward County, Florida; principally, through a mortgage loan extended by Cincinnati Mortgage Corporation ("Cincinnati Mortgage").

14.    Cincinnati Mortgage was a corporation that had been approved by HUD to originate and service mortgage loans insured by HUD under the National Housing Act,  and had been further approved by HUD to co-insure mortgages under the provisions set forth in Section 221(d)(4) of the National Housing Act and 24 C.F.R. Part 244.

15.    Cincinnati Mortgage issued its commitment for insurance of advances (the "Firm Commitment") to Oakland Lakes, which Firm Commitment obligated Cincinnati Mortgage to:  a) co-insure a first mortgage loan (the "Insured Loan") concerning the Project under the provisions set forth in Section 221(d)(4) of the National Housing Act and 24 C.F.R. Part 244;  and  b)  cause the Government National Mortgage

Association ("GNMA"), an agency of HUD, to issue its mortgage backed securities ("MBS") concerning the Insured Loan.

16.    The Florida Housing Financing Agency ("FHFA") agreed to issue tax-exempt revenue bonds (the "Bonds") for the purpose of funding the Insured Loan, and upon the condition that the MBS issued by GNMA be pledged as collateral for the Bonds. The proceeds from the sale of the Bonds were used to fund the Insured Loan.

17.    On information and belief, FHFA and a group of underwriters headed by Kidder Peabody & Co. Incorporated and Dean Witter Reynolds, Inc. (the "Underwriters") entered into a bond purchase agreement (the "Bond Purchase Agreement") which obligated the Underwriters to purchase the Bonds from FHFA.

18.    On information and belief, on or about October 5, 1989, Oakland Lakes and Cincinnati Mortgage closed the Insured Loan, which closing entailed the execution by Oakland Lakes and delivery to Cincinnati Mortgage of the following loan documents (collectively, the "Loan Documents"), to wit:  a)  a mortgage note, as amended, (the "Note") dated October 5, 1989, evidencing the Insured Loan in the original principal amount of $22,779,600.00);  b)  a mortgage, as amended and restated, (the "Mortgage") encumbering the real, personal and intangible property comprising the Project and constituting a first mortgage lien against the property; and c)  the following documents: a regulatory agreement; the Limited Partnership Agreement including resolutions of all general and limited partners authorizing the Insured Loan; a land use restriction agreement; lender's policy of title insurance; evidence of zoning compliance;  copies of all land use and building permits;  survey and surveyor's report;   building loan agreement;   mortgagee's certificate;

mortgagor's certificate;  mortgagor's oath;  agreement and certification;  attorney's opinion letter;  construction contract – cost plus;  payment and performance bond;  contractor's certification;  owner – architect agreement;  mortgagor and architect certificate;  design architect certification;  state and county uniform commercial code filing forms;  security agreement;  letters certifying availability of utility services to the project;  certificates of insurance;  notice of commencement;  escrow agreements concerning working capital, minor non-realty items and operating deficits;  draw request;  and construction progress schedule.  True and correct copies of the Note and Mortgage, as amended, are attached hereto as Exhibits "A" and "B" and by this reference are made a part of this Complaint.

19.    Prior to closing the loan, on information and belief, Cincinnati Mortgage delivered copies of all Loan Documents, including but not limited to the Limited Partnership Agreement, to HUD.

20.    On information and belief, On October 5, 1989, the mortgage note was endorsed for coinsurance under the provisions of Section 221(d)(4) of the National Housing Act and pursuant to 24 C.F.R. Part 244, FHA mortgage number 06636650, and Cincinnati Mortgage delivered final copies of all Loan Documents, including but not limited to the Limited Partnership Agreement, to HUD.

21.    On or about October 5, 1989, Oakland Lakes commenced construction of the apartment complex.

22.    On or about October 13, 1989, Cincinnati Mortgage delivered an assignment in blank of the mortgage and copies of all Loan Documents, including but not limited to the Limited Partnership Agreement, to a custodian of GNMA, for the benefit and

7

security of GNMA; and caused GNMA's MBS to be delivered to the trustee of the Bonds.

23.    On or about June 29, 1990, the Limited and General Partners of Oakland Lakes executed, by and amongst all of such partners, a Second Amended and Restated Agreement of Limited Partnership for Oakland Lakes ("the Amended Limited Partnership Agreement").  A true and correct copy of the Amended Limited Partnership Agreement is attached hereto as Exhibit "C",  and by this reference is made a part of this Complaint.  The terms and provisions of the Amended Limited Partnership Agreement have not been further amended, revised, and/or superceded through the date of filing this Complaint.

24.    On information and belief, Oakland Lakes delivered a copy of the Amended Limited Partnership Agreement to HUD and/or Cincinnati Mortgage as required under  the National Housing Act and the Loan Documents.

25.    On information and belief, on or about November 8, 1990 GNMA declared Cincinnati Mortgage in default of the guarantee agreement by and between Cincinnati Mortgage and GNMA; thereafter the custodian delivered all Loan Documents, including but not limited to, the Amended Limited Partnership Agreement, to GNMA, and Cincinnati Mortgage delivered all Loan Documents, and a complete loan file to GNMA.

26.    The insured mortgage was converted from coinsurance to full insurance on January 31, 1992, under new FHA project number 066-94026, and at the time of the conversion, a complete copy of Cincinnati Mortgage's loan file, and Loan

Documents, including but not limited to, the Amended Limited Partnership Agreement, were delivered to HUD.

27.   Almost immediately after completion of construction of the apartment complex, Oakland Lakes apparently defaulted in one or more of its obligations under the Loan Documents.  Said apparent event(s) of default were not cured and continued to exist at the time of the assignment of the Loan documents by Cincinnati Mortgage to GNMA.

28.   At the time of the assignment of the Loan Documents to HUD and HUD's ownership and administration of the loan, HUD elected not to exercise the rights and remedies set forth and provided in the Loan Documents, specifically the right to accelerate and to demand payment of the balance of all sums due and payable under the Note, Mortgage, and other Loan Documents.  As an alternative, HUD elected in such event(s) of default to enter into settlement - workout negotiations with William O. Brisben, as the general partner of Oakland Lakes.

29.   Effective February 1, 1995, HUD and William O. Brisben, as General Partner of Oakland Lakes, executed a written, provisional Workout Arrangement (the "Workout Arrangement").  A true and correct copy of the Workout Arrangement is attached hereto as Exhibit "D", and by this reference made a part of this Complaint.

30.   Brisben, as general partner of Oakland Lakes, lacked authority under the terms and provisions of the Amended Limited Partnership Agreement, to enter into the Workout Arrangement without the prior written consent of  and/or joinder of certain of the other partners, both limited and general, of Oakland Lakes.

9

31.   At all times, during the workout negotiations with Brisben, acting in his capacity as general partner of Oakland Lakes, HUD had copies, or should have had copies, of all Loan documents and knew or should have known that Brisben was acting in his capacity as general partner of Oakland Lakes, and knew or should have known that the General Partner did not have authority to enter into the Workout Arrangement.

32.   On or about May 8, 1995, HUD attempted to assign by written assignment all of its rights under the terms and provisions of the Loan Documents, including, upon information and belief, the Workout Arrangement, to Condor.  A true and correct copy of the purported Assignment from HUD to Condor is attached hereto as Exhibit "E" and by this reference is made a part of this Complaint.

33.   On information and belief, at the time William O. Brisben entered into the workout negotiations with HUD, Oakland Park provided both verbal and written notice to William O. Brisben that the consent and authorization of certain of the other general and limited partners was required before William O. Brisben, as general partner, could bind Oakland Park under the Workout Arrangement, and that Oakland Park did not so consent or authorize William O. Brisben, as general partner, to enter into the Workout Arrangement.

34.   On information and belief, subsequent to the effective date of the Workout Arrangement, Oakland Park became aware the Workout Arrangement was entered into without Oakland Park's authorization, and Oakland Park again raised its objections concerning the Workout Arrangement to William O. Brisben, as general partner.

35.    Subsequently, by letter dated April 29, 1999, counsel for Oakland Park notified William O. Brisben of its position that he had entered into the Workout Arrangement without authority, and tendered an offer to purchase the 50% interest of William O. Brisben and the other partners in the Oakland Lakes Limited Partnership, as was its right under the Amended Limited Partnership Agreement, so that Oakland Park could gain control of the Oakland Lakes Limited Partnership and take appropriate action regarding the unauthorized Workout Arrangement, as well as improve the operation and management of the apartment complex.  A copy of the letter is attached hereto as Exhibit "F",   and by this reference is made a part of this Complaint.

36.    William O. Brisben, as well as the other general and limited partners, refused to take any action in regard to the unauthorized execution of the Workout Arrangement, and have refused to sell their 50% interest in the Limited Partnership as required under the Amended Limited Partnership Agreement.

37.    As a result, Oakland Park initiated suit in the Circuit Court for the 17th Judicial Circuit in Broward County Florida, in case number 99-10831 (13) ("the State Court Action"), in an effort to enforce the Amended Limited Partnership Agreement and thereby acquire the interests of William O. Brisben and the other partners in Oakland Lakes, in order to gain control of the Limited Partnership.

38.    Oakland Park, in the State Court Action, moved to appoint a receiver to stabilize the operation determine the financial status of the apartment complex, and also attempted to expedite trial in order to gain control of the Limited Partnership so as to be able to bring this suit as the Limited Partnership, rather than on its behalf.

39. As a consequence and in consideration of the State Court Action, any further efforts made by Oakland Park to secure initiation of this action by Oakland Lakes would have been unsuccessful, due to the fact that William O. Brisben, as general partner, was the very individual who entered into the Workout Arrangement, and remains adverse to Oakland Park in the above referenced State Court Action.

40. As required by Florida Statute Section 620.164, at the time of bringing this action, Oakland Park is a partner of Oakland Lakes, and was also a partner at the time William O. Brisben, as general partner, entered into the unauthorized Workout Arrangement.

41. As a result of the General Partners' actions, Plaintiff has been forced to engage the undersigned counsel, and is obligated to pay them a reasonable fee for their services.

42. Plaintiff is entitled to recover its attorneys fees in this action from William O. Brisben W.O. Brisben Companies, Inc. Robert E. Schuler and/or Oakland Lakes, pursuant to Florida Statute Section 620.166.

43. All conditions precedent to the bringing of this action have occurred, been satisfied by Plaintiff, or have been waived by defendants.

## COUNT I

44. This is a count for declaratory relief and the allegations set forth in paragraphs 1 through 43 above are hereby realleged and incorporated into this Count I.

45. For reason of the failure of HUD and/or Brisben, as general partner, to obtain the prior written consent and authority of certain of the other general and limited partners of Oakland Lakes in connection with the Workout Arrangement, as

required under the terms and provisions of the Amended Limited Partnership Agreement, the Workout Arrangement is invalid and of no effect and is unenforceable as to its terms and provisions.  It is a position of Plaintiff, that the terms and provisions of the original Mortgage and Loan Documents continue to control the loan transaction consummated by and between Oakland Lakes and Cincinnati Mortgage, and as subsequently assigned by Cincinnati Mortgage to GNMA.

46.    A dispute exists between Oakland Park and HUD and/or Condor concerning each parties' respective rights under the Workout Arrangement, Mortgage and Loan Documents regarding HUD's and/or Condor's rights to enforce the Workout Arrangement, Mortgage and Loan Documents, and whether Oakland Park must comply with the Workout Arrangement.

47.    Oakland Lakes is in doubt as to its rights under the Workout Arrangement, and how the workout Arrangement affects Oakland Lakes' rights and responsibilities under the Mortgage, Note and Loan Documents, and is entitled to a judicial declaration as to its rights in order to remove such doubt.

WHEREFORE, Plaintiff, 813268 ONTARIO, INC., as general partner of Oakland Park (Florida) Limited Partnership, as a limited partner and on behalf of Oakland Lakes, Ltd., requests that this Court enter judgment declaring the rights of the parties under the provisional Workout Arrangement and corresponding Loan Documents; declare that the provisional Workout Arrangement is of no force and effect and reinstate the terms of the original Mortgage and Loan Documents;  award Plaintiff its reasonable attorneys' fees and

costs incurred in bringing this action; and award any other relief the Court deems necessary and proper.

## COUNT II

48.    This is a second count for declaratory relief, and paragraphs 1 through 43 above are hereby realleged and incorporated into this Count II.

49.    The attempted assignment from HUD to Condor on May 8, 1995 provides that HUD:

> assigns, transfers, sets over and conveys to [Condor], its successors and assigns, the [Amended Mortgage and Note], all as they may have been modified, consolidated, assigned, amended, restated, or supplemented (whether or not of record) through and including May 8, 1995.

50.    The Workout Arrangement, effective February 1, 1995, is an amendment and/or modification of the Mortgage and other Loan Documents.

51.    The attempted assignment by HUD to Condor on May 8, 1995 contemplated the assignment of the Mortgage and other Loan Documents, as modified by the Workout Arrangement.

52.    Because the Workout Arrangement was entered into without the authority of Oakland Lakes, the attempted assignment by HUD to Condor is a nullity, and Oakland Lakes is entitled to a reinstatement of the original terms of the Mortgage and other Loan Documents, as held by HUD, with the Mortgage reverting to HUD ownership.

53.    A dispute exists between Oakland Park and HUD and/or Condor concerning each parties' respective rights under the Assignment, Workout Arrangement, Mortgage and Loan Documents and as to whether HUD or Condors is the true party in interest

under the Mortgage and Loan Documents, and whether Oakland Park must comply with the Workout Arrangement.

54.    Oakland Lakes is in doubt as to its rights under the Assignment and Workout Arrangement, and how the workout Arrangement affects Oakland Lakes' rights and responsibilities under the Mortgage, Note and Loan Documents, and is entitled to a judicial declaration as to its rights in order to remove such doubt.

WHEREFORE, Plaintiff, 813268 ONTARIO, INC., as general partner of Oakland Park (Florida) Limited Partnership, as a limited partner and on behalf of Oakland Lakes, Ltd., requests that this Court enter judgment declaring the rights of the parties under the Assignment from HUD to Condor, the provisional Workout Arrangement and corresponding Mortgage Loan Documents; declare that the attempted assignment from HUD to Condor is  of no force and effect and reinstate the terms of the original Mortgage and Loan Documents, as being held and owned by HUD, effective the date of entry of the Court's order; award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action; and award any other relief the Court deems necessary and proper.

## COUNT III

55.    This is a third Count for declaratory relief, and paragraphs 1 through 43 are hereby realleged and incorporated into this Count III.

56.    The Workout Arrangement specifically states:

> To afford an opportunity to effect reinstatement, the Secretary, Department of Housing and Urban Development, will hold the defaulted Note and Mortgage on the subject project under the terms and conditions stated herein.

57.    The Workout Arrangement, according to its own terms, required HUD to hold the subject Note and Mortgage.

58.    HUD, rather than holding the Note and Mortgage after entering into the Workout Arrangement, almost immediately assigned HUD's interest to Condor, in direct violation of the terms of the Workout Arrangement.

59.    A dispute exists between Oakland Park and HUD and/or Condor concerning each parties' respective rights under the Workout Arrangement, Mortgage, Loan Documents and Assignment, regarding HUD's and/or Condor's rights to enforce the Workout Arrangement, Mortgage and Loan Documents, and whether Oakland Park must comply with the Workout Arrangement.

60.    Oakland Lakes is in doubt as to its rights under the Workout Arrangement, and how the workout Arrangement affects Oakland Lakes' rights and responsibilities under the Mortgage, Note and Loan Documents, and is entitled to a judicial declaration as to its rights in order to remove such doubt.

WHEREFORE, Plaintiff, 813268 ONTARIO, INC., as general partner of Oakland Park (Florida) Limited Partnership, as a limited partner and on behalf of Oakland Lakes, Ltd., respectfully requests that this Court declare the rights of the parties under the Workout Arrangement, Mortgage and corresponding Loan Documents; enter judgment setting aside the assignment of the Mortgage to Condor, and reinstating the terms of the original Mortgage and Loan Documents, effective the date of entry of the Court's order; award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action; and award any other relief the Court deems necessary and proper.

## COUNT IV

61.   This is an action for damages in excess of $75,000.00 against Defendants William O. Brisben, W.O. Brisben Companies, Inc. and Robert E. Schuler as general partners of Oakland Lakes (collectively, "the General Partners"), for breach of fiduciary duty.

62.   Plaintiff repeats and realleges Paragraphs 1 through 43 as if fully stated herein.

63.   The  General Partners owed a duty of care and loyalty to Oakland Lakes and to Oakland Park as a limited partner of Oakland Lakes.

64.   The General Partners breached this duty of care and loyalty as more particularly described below.

65.   As a result of the breaches of duty described below, Oakland Park has been damaged.

66.   Specifically, William O. Brisben breached his fiduciary duty by entering into the Workout Arrangement without authority to do so, and in so doing, attempted to bind Oakland Lakes to an unfavorable agreement which deprived Oakland Lakes of 25% of the equity in the subject property.

67.   W.O. Brisben Companies, Inc. and Robert E. Schuler, as general partners, breached their fiduciary duty by either acquiescing in, consenting to or encouraging William O. Brisben's entry, as general partner,  into the unauthorized Workout Arrangement, or in abdicating their rights as general partners by surrendering control of Oakland Lakes to William O. Brisben.

17

68.   The general partners have been in possession of and operating the apartment complex owned by Oakland Lakes, since the inception of the project, and in their operations, have failed to maintain the books and records of the property in Florida as required under the Limited Partnership Agreement.

69.   The General Partners have also improperly utilized funds of Oakland Lakes to pay their own legal fees in the State Court Action referenced above and have failed to reimburse those payments to the Oakland Lakes.

70.   The General Partners have depleted the operating accounts of Oakland Lakes through the payment of their personal legal expenses, and otherwise, to the point where Oakland Lakes is or may be unable to meet its ongoing obligations.

71.   The General Partners' depletion of the operating accounts has placed Oakland Lakes in default of its obligations under the Workout Arrangement with the holder of the first mortgage on the property.

72.   Oakland Lakes is facing imminent payment default under the Loan Documents concerning the real property encumbered by and securing such loan, which property is Oakland Lakes' sole asset.

73.   The General Partners have also failed to provide Oakland Park, as required, bank reconciliations and other financial information and records of Oakland Lakes.

74.  Based upon the deposition testimony of the General Partners taken in the State Court Action referenced above, there is no plan either in place or under consideration or development to avoid the imminent default of the limited partnership under its obligations to its first mortgage lender and others.

75.  The general partners are unable to even determine a budget or financial projections for Oakland Lakes, so as to determine when Oakland Lakes would be unable to meet its financial obligations.

76.  On information and belief, the General Partners have mismanaged the subject apartment complex and failed to maintain and preserve partnership assets.

77.  The general partners have completely abdicated their fiduciary responsibilities to Oakland Lakes.

WHEREFORE, Plaintiff, 813268 ONTARIO, INC., as general partner of Oakland Park (Florida) Limited Partnership, as a limited partner and on behalf of Oakland Lakes, Ltd., requests that this Court enter judgment against Defendants William O. Brisben, W.O. Brisben Companies, Inc. and Robert E. Schuler for damages, attorneys' fees, the costs of bringing this suit, and for any other relief this Court deems necessary and proper and demands trial by jury.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, COHEN & McINTYRE, P.A.
P. O. Drawer 030340
888 E. Las Olas Blvd., Suite 400
Ft. Lauderdale, FL 33303-0340
Telephone: 954-761-8600
Co-Counsel for Plaintiff

By:_____
RICHARD T. WOULFE
Florida Bar No. 222313

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, Florida 34237
Telephone: 941/366-8100
Co-Counsel for Plaintiff

By:_____
ROBERT E. MESSICK
Florida Bar No. 314773

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

**00-6147**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-LENARD**

**00 JAN 31 PM 12: 33**

## (a) PLAINTIFFS

813268 Ontario, Inc. as General Partner of OAKLAND PARK (FLORIDA) LIMITED PARKNERSHIP an Ontario limited partnership; as limited partner of, and on behalf of OAKLAND LAKES, LTD., a Florida Limited Partnership.

## DEFENDANTS

OAKLAND LAKES, LTD. a Florida Limited Partnership, WILLIAM O. BRISBEN, W.O. BRISBEN COMPANIES, INC., ROBERT E. SCHULER, AS General Partners of OAKLAND LAKES, LTD., THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, and CONDOR ONE, INC. A Delaware Corporation

**MAGISTRATE TURNOFF**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard T. Woulfe, Esquire
Bunnell, Woulfe, et al.
Post Office Drawer 030340,Ft.Laud 33303

ATTORNEYS (IF KNOWN)

## (d) CIRCLE WHERE ACTION AROSE:

DADE, MONROE, ~~BROWARD~~, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

F.S. §620.163; F.S. Chapter 86; 28 U.S.C. §2201
Count I/Workout Arrangement Agreement; Count II/Declaratory relief; Count III/Dec.
Relief and Count IV/Damages.

## IVa.

_____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A  CONTACT | A  TORTS | B  FORFEITURE PENALTY | A  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | | **A  PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Exd Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B  SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A  LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A  REAL PROPERTY** | **A  CIVIL RIGHTS** | **B  PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **A  FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * | | | * A or B |
| | | A or B | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):

JUDGE Judge Moe          DOCKET NUMBER 99-10831 (13)

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

FOR OFFICE USE ONLY Receipt No. 518446     Amount $150.00
Date Paid: 01-31-00     M/fp: