MAR 1 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

813268 ONTARIO, INC., as General
Partner of OAKLAND PARK (FLORIDA)
LIMITED PARTNERSHIP, an Ontario limited
partnership; as limited partner of, and on behalf of
OAKLAND LAKES, LTD., a Florida Limited
Partnership,

Case Number: 00-6147-CIV-LENARD
(Magistrate Judge Turnoff)

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, WILLIAM O. BRISBEN, W.O.
BRISBEN COMPANIES, INC., and ROBERT E.
SCHULER, as General Partners of OAKLAND LAKES,
LTD., THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and CONDOR ONE,
INC., a Delaware Corporation,

    Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, OAKLAND LAKES, LTD., a Florida Limited Partnership; WILLIAM O.

BRISBEN, W.O. BRISBEN COMPANIES, INC., and ROBERT E. SCHULER, as General

Partners of OAKLAND LAKES, LTD., by and through their undersigned attorney, answer the

Complaint of the Plaintiff and state:

## 1. INTRODUCTION

1. Defendants admit that Plaintiff's have purportedly brought a limited partner

derivative action, but deny that Plaintiff is proceeding with and/or that it has stated a cause of

action under Florida Statute §620.163. Specifically Defendants allege that Plaintiff has failed to

comply with conditions precedent to Fla. Stat. §620.163 by failing to make demand on

Defendant to bring said action or to plead sufficient ultimate facts in support of said allegations

in accordance with Fla. Stat. §620.165. Defendants admit that Plaintiff is allegedly seeking

declaratory relief, but deny that Plaintiff has stated a cause of action under Florida Statute,

Chapter 86, and/or that the action is authorized by 28 U.S.C. §2201. Defendants admit that the

property location of the subject premises owned by Oakland Lakes, Ltd. is situated at 2325

Northwest 33rd Street, Fort Lauderdale, Florida; however, Defendants aver that the general

partner(s) is domiciled in Ohio. Defendants deny all other allegations not specifically admitted

in Paragraph 1.

## II. JURISDICTION

2.      Defendants deny the allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3 and further aver that Plaintiff fails

to allege sufficient ultimate facts to plead a "Federal question" within this Court's jurisdiction.

4.      In answer to Paragraph 4, Defendants are without knowledge as to the Plaintiff's

domicile and/or whether it is the properly authorized general partner of Oakland Park (Florida)

Limited Partnership ("Oakland Park") and/or whether or not Oakland Park is a presently

constituted limited partnership under the laws of the province of Ontario, Canada. Defendants

admit that Oakland Lakes is a limited partnership presently organized and existing under the laws

of Florida. Defendants admit the residencies of the Defendants, W.O. BRISBEN COMPANIES,

INC., and ROBERT E. SCHULER. Defendants deny the allegation as to WILLIAM O.

BRISBEN. Defendants are without knowledge as to the organization and/or domicile of the

named Defendant, Condor One, Inc. (Condor). Defendants admit that HUD is a federal

CASE NO.: 00-6147-CIV-LENARD

corporation and a citizen of the District of Columbia. Defendants deny that the amount in controversy exceeds $75,000.00. Defendants deny all other allegations of Paragraph 4 not specifically admitted.

### III. VENUE

5.      Defendants deny the allegations of Paragraph 5.

### IV. PARTIES

6.      Defendants admit that Oakland Park "invested in excess of 1.8 million dollars in Oakland Lakes," and that Oakland Park executed the Amended Limited Partnership Agreement as described in Paragraph 23 and pursuant thereto it has a 50% limited partnership interest in Oakland Lakes. Defendants are without knowledge of the remaining allegations of Paragraph 16.

7.      Defendants admit that Oakland Lakes was formed for the development and ownership of certain real and personal property, including an apartment complex in Oakland Park, Florida, initially known as Lakes of Casablanca Apartments, and presently known as Sailboat Pointe Apartments, and denies all other allegations not specifically admitted.

8.      Defendants admit the ownership interest of WILLIAM O. BRISBEN as alleged in Paragraph 8. Defendants admit that the general partners, including WILLIAM O. BRISBEN have all the rights and obligations as further specified and set forth by the Second Amended Limited Partnership Agreement. Defendants deny all other allegations not specifically admitted in Paragraph 8.

CASE NO.: 00-6147-CIV-LENARD

9.    Defendants admit the ownership interest of W.O. BRISBEN COMPANIES INC. as alleged in Paragraph 9. Defendants admit that W.O. BRISBEN COMPANIES INC, as general partner has all the rights and obligations as further specified and set forth by the Second Amended Limited Partnership Agreement. Defendants deny all other allegations not specifically admitted in Paragraph 9.

10.    Defendants admit the ownership interest of ROBERT E. SCHULER as alleged in Paragraph 10. Defendants admit ROBERT E. SCHULER, is a general partner and has the rights and obligations as further specified and set forth by the Second Amended Limited Partnership Agreement. Defendants deny all other allegations not specifically admitted in Paragraph 10.

11.    Defendants admit the allegations of Paragraph 11.

12.    In response to Paragraph 12, Defendants admit that Condor purportedly holds an assigned interest and/or as a holder/holder in due course but are without knowledge of the documents alleged by Plaintiff and purportedly assigned by HUD. Defendants deny all other allegations of Paragraph 12 not otherwise admitted.

### V. GENERAL ALLEGATIONS

13.    Defendants admit that in or about 1989 Oakland Lakes, Ltd. obtained certain mortgage financing for the development and construction, ownership and operation of the "Project", and that a loan was extended, *inter alia*, through Cincinnati Mortgage Corporation. Defendants deny all other allegations of Paragraph 13 not specifically admitted.

14.    Defendants are without knowledge of Paragraph 14, as alleged.

CASE NO.: 00-6147-CIV-LENARD

15.    Defendants admit that Cincinnati Mortgage issued a commitment for "insurance of advances", (the "Firm Commitment") and further avers that said documents speak for themselves. Defendants deny all other allegations of Paragraph 15 not specifically admitted.

16.    In response to Paragraph 16, Defendants admit that the Florida Housing Financing Agency ("FHFA") participated in the financing and funding of the insured loan, and further avers that the documents incident thereto speak for themselves. Defendants deny all other allegations of Paragraph 16 not admitted.

17.    Defendants are without knowledge as to the agreements by and between Kidder Peabody & Co. Incorporated and Dean Witter Reynolds, Inc. and/or as to the "Bond Purchase Agreement" other than to aver that the documents speak for themselves. Defendants deny all other allegations of Paragraph 17 not otherwise admitted.

18.    In response to Paragraph 18, Defendants admit that on or about October 5, 1989, Oakland Lakes, Ltd. executed and delivered to Cincinnati Mortgage certain "Loan Documents" and aver that  the documents speak for themselves, Said Loan Documents include  (the "Note") dated October 5, 1989, evidencing a loan in the original principal amount of $22,779,600.00 together with a mortgage, as amended and restated (the "Mortgage") encumbering the real and personal property and intangible property therein described, and said mortgage constituted a first mortgage lien against the property. Defendants further admit that Oakland Lakes executed certain collateral and other related loan documents including a Regulatory Agreement and a Land Use Restriction Agreement. Defendants can neither admit or deny the allegations referenced in Paragraph 18(c) of Plaintiff's

5

CASE NO.: 00-6147-CIV-LENARD

Complaint, as the documents are not attached. Defendants admit that attached to Plaintiff's Complaint are true and correct copies of the Note and Mortgage, as amended, specifically Exhibits "A" and "B" to the Complaint. Defendants admit that Oakland Lakes entered into a Limited Partnership Agreement for the Oakland Lakes project, not attached to Plaintiff's Complaint, which Agreement was subsequently amended as further described in Paragraph 23 known as the "Amended Limited Partnership Agreement", and further amended and referred to as the Second Amended and Restated Agreement of Limited Partnership for Oakland Lakes, dated on or about June 29, 1990. Defendants deny all other allegations of Paragraph 18 not specifically admitted.

19.    Defendants are without knowledge as to the allegations of Paragraph 19, deny same and demand strict proof thereof.

20.    Defendants admit that on or about October 5, 1989, the Mortgage Note was endorsed for co-insurance and are without knowledge as to delivery by Cincinnati Mortgage of "Loan Documents" as alleged and demand strict proof thereof.

21.    Defendants admit that on or about October 5, 1989 or prior thereto, Oakland Lakes commenced construction of the apartment complex.

22.    Defendants are without knowledge as to the date and/or delivery by Cincinnati Mortgage, as alleged, of the documents referred to in Paragraph 22 and/or the "custodian" of GNMA and/or Trustee of the Bonds as alleged. Defendants deny all other allegations of Paragraph 22 not specifically admitted.

CASE NO.: 00-6147-CIV-LENARD

23.    Defendants admit that on or about June 29, 1990, the Limited and General Partners of Oakland Lakes, as alleged in Paragraph 23, executed the ("Second"), "Amended Limited Partnership Agreement", which is attached as Exhibit "C" to the Complaint. Defendants admit that the written terms and provisions of the Second Amended Limited Partnership Agreement have not been further amended in writing and that the parties have conducted business as further set forth by the Agreement, as well as by oral agreement and understanding(s) and/or with the knowledge/approval between the parties as to the development and financing/workout financing of the Property. Defendants deny all allegations of Paragraph 23 not otherwise admitted.

24.    Defendants deny the allegations of Paragraph 24, as alleged and aver the "Loan Documents" speak for themselves.

25.    Defendants are without knowledge as to the allegations of Paragraph 25 and/or as to the date and/or delivery of the Loan Documents as alleged in Paragraph 25. Defendants deny all other allegations of Paragraph 25 not specifically admitted.

26.    Defendants are without knowledge as to the date and/or conversion from co-insurance to full insurance and/or delivery of the loan file and/or Loan Documents as alleged. Defendants deny all other allegations of Paragraph 26 not specifically admitted.

27.    Defendants admit that on or about the time of completion of construction of the apartment complex, there were insufficient funds for the payment in full of the mortgage obligations under the loan documents and that a default occurred. Defendants are without knowledge as to the second sentence of the allegations of Paragraph 27 as alleged, and demands strict proof thereof. Defendants deny all allegations of Paragraph 27 not specifically admitted.

CASE NO.: 00-6147-CIV-LENARD

28. Defendants admit that HUD entered into settlement-workout negotiations with Oakland Lakes through its general partner(s). Defendants deny all other allegations of Paragraph 28 not specifically admitted.

29. In response to Paragraph 29, Defendants aver that on or about December 22, 1994, Oakland Lakes by its general partner William O. Brisben, executed a written provisional Workout Arrangement Agreement (the "Workout Arrangement") and that HUD executed same on or about January 5, 1995 and as further set forth by Exhibit "D" to Plaintiff's Complaint. Defendants further admit that a true and correct copy of the Workout Arrangement is attached as Exhibit "D" to the Complaint. Defendants deny all other allegations of Paragraph 29 as alleged not specifically admitted.

30. Defendants deny the allegations of Paragraph 30 as alleged, and further aver that the (Second) Amended Limited Partnership Agreement speaks for itself. Defendants further aver that the Workout Arrangement was entered into with the knowledge of the partners, both limited and general of Oakland Lakes. Defendants deny all other allegations of Paragraph 30 not otherwise admitted.

31. Defendants deny the allegations of Paragraph 31.

32. In response to Paragraph 32, Defendants are without knowledge of the allegations, as alleged. Defendants admit that a copy of a document purporting to be an assignment from HUD to Condor and referring to a date of May 8, 1995 is attached as Exhibit "E" and that the Note was endorsed/assigned by HUD. Defendants further aver that the document speaks for itself and deny all other allegations of Paragraph 32 not specifically admitted.

8

CASE NO.: 00-6147-CIV-LENARD

33.    Defendants deny the allegations of Paragraph 33, as alleged.

34.    Defendants deny the allegations of Paragraph 34, as alleged.

35.    Defendants deny the allegations of Paragraph 35, as alleged; admit that attached to Plaintiff's Complaint as Exhibit "F" is a letter dated April 29, 1999 and aver that the document speaks for itself.  However, Defendants deny the characterization of the document, and its content.

36.    In answer to Paragraph 36, Defendants admit that they did not accept the purported "offer", as set forth in the April 29, 1999 letter, to sell their interests for $100.00 in the Project, and further aver that they were not required to do so.  Defendants further aver that the parties are presently in litigation, *inter alia*, on said issue before the Honorable Leroy H. Moe , Case Number: 99-10831 CACE (13) in and for the Seventeenth Judicial Circuit.  Defendants deny all other allegations of Paragraph 36 not specifically admitted.

37.    In response to Paragraph 37, Defendants admit that Oakland Park initiated a suit in the Circuit Court, as alleged, Case Number: 99-10831 CACE (13) and that the action speaks for itself. Defendants deny all allegations of Paragraph 37 not specifically admitted.

38.    In response to Paragraph 38, Defendants admit that there is a pending Motion to Appoint a Receiver in the State Court Action, and avers that there is a pending trial date the week of April 10, 2000.  Defendants deny all  allegations of Paragraph 38 not specifically admitted.

39.    Defendants deny the allegations of Paragraph 39, as alleged.

40.    Defendants admit that at the time of the bringing of this action, Oakland Park is a partner of Oakland Lakes and was also a partner at the time of the Workout Arrangement. Defendants deny Plaintiff, 813268 Ontario Inc. was a partner of Oakland Park at the time of the

CASE NO.: 00-6147-CIV-LENARD

Workout Arrangement, and is without knowledge as to whether 813268 Ontario Inc. is a partner/general partner of Oakland Park and further aver on information and belief that it does not have standing under the Second Amended Limited Partnership Agreement to be a limited partner/general partner. Defendants deny all other allegations of Paragraph 40.

41.    Defendants deny the allegations of Paragraph 41.

42.    Defendants deny the allegations of Paragraph 42.

43.    Defendants specifically deny the allegations of Paragraph 43 and further adopt the affirmative defenses as set forth below and the specific averments set forth above.

### COUNT I

44.    Defendants, in response to Paragraph 44, re-aver and reallege the responses and matters set forth in Paragraphs 1 through 43 above which are herein incorporated.

45.    In response to Paragraph 45, Defendants deny the allegations, as alleged, and further aver that the documents including the Workout Arrangement, (Second) Amended Limited Partnership Agreement, Mortgage and Loan Documents speak for themselves. Defendants further incorporate the matters set forth in the affirmative defenses below.

46.    In response to Paragraph 46, Defendants are without knowledge as to whether Oakland Park, HUD and/or Condor have a disagreement and/or whether or not the parties, specifically HUD and/or Condor One have communicated with Oakland Park regarding the parties respective rights, duties and obligations under the Workout Arrangement, Mortgage and Loan Documents and/or collateral Loan Documents. Defendants deny all other allegations of Paragraph 46 not otherwise admitted.

CASE NO.: 00-6147-CIV-LENARD

47.    Defendants deny the allegations of Paragraph 47.

### COUNT II

48.    Defendants in response to Paragraph 48, re-aver and reallege the responses and the matters set forth in Paragraphs 1 through 43 above which are herein incorporated.

49.    Defendants are without knowledge as to the purported terms of an assignment from HUD to Condor and whether or not on or about May 8, 1995, and aver that any such documents speak for themselves.  Defendants deny all allegations of Paragraph 49 not specifically admitted.

50.    Defendants deny the allegations of Paragraph 50, as alleged, and further aver that the Workout Arrangement, as attached to Plaintiff's Complaint speaks for itself.

51.    Defendants deny the allegations of Paragraph 51, as alleged, and aver that any documents, including an "assignment by HUD" to Condor, whether or not on May 8, 1995, speak for themselves.

52.    Defendants deny the allegations of Paragraph 52, as alleged.

53.    Defendants deny the allegations of Paragraph 53, as alleged.

54.    Defendants deny the allegations of Paragraph 54, as alleged.

### COUNT III

55.    In response to Paragraph 55, Defendants re-aver and reallege the responses and the matters set forth in Paragraphs 1 through 43 above which are herein incorporated.

56.    In response to Paragraph 56, Defendants aver that the Workout Arrangement speaks for itself as attached to Plaintiff's Complaint and denies the remaining allegations.

CASE NO.: 00-6147-CIV-LENARD

57.    Defendants deny the allegations of Paragraph 57, as alleged, and further aver that the Workout Arrangement speaks for itself, as well as the subject Note, Mortgage and other Loan Documents.

58.    Defendants deny the allegations of Paragraph 58, as alleged.

59.    Defendants deny the allegations of Paragraph 59, as alleged.

60.    Defendants deny the allegations of Paragraph 60, as alleged.

## COUNT IV

61.    Defendants deny the allegations of Paragraph 61, as alleged.

62.    Defendants repeat and reallege their response to Paragraphs 1 through 43 and the matters set forth therein as if fully stated herein.

63.    Defendants, in response to Paragraph 63, aver that the Defendants, as general partners, exercised the requisite duty of care and loyalty to Oakland Lakes in accordance with the (Second) Amended Limited Partnership Agreement and deny all allegations not specifically admitted.

64.    Defendants deny the allegations of Paragraph 64, as alleged.

65.    Defendants deny the allegations of Paragraph 65, as alleged.

66.    Defendants deny the allegations of Paragraph 66, as alleged.

67.    Defendants deny the allegations of Paragraph 67, as alleged.

68.    Defendants deny the allegations of Paragraph 68, as alleged.

69.    Defendants deny the allegations of Paragraph 69, as alleged.

70.    Defendants deny the allegations of Paragraph 70, as alleged.

71.    Defendants deny the allegations of Paragraph 71, as alleged.

72.    Defendants deny the allegations of Paragraph 72, as alleged.

73.    Defendants deny the allegations of Paragraph 73, as alleged.

74.    Defendants deny the allegations of Paragraph 74, and further aver that, in fact, Plaintiff by its action(s) and inaction(s) has prevented efforts to restructure the existing first mortgage loan and related Loan Documents.

75.    Defendants deny the allegations of Paragraph 75, as alleged.

76.    Defendants deny the allegations of Paragraph 76, as alleged.

77.    Defendants deny the allegations of Paragraph 77, as alleged.

## AFFIRMATIVE DEFENSES

78.    **I. STATUTE OF LIMITATIONS** - Plaintiff's cause(s) of action(s) is barred by Fla. Stat., §95.11(2) and §95.11 (3).  The "Workout Arrangement", which is the subject matter of Plaintiff's Counts I, II and III and on which Plaintiff premises its damage claim in Count IV was executed by Oakland Lakes on December 22, 1994 and HUD on January 5, 1995.  Plaintiff's action was filed January 31, 2000.  The Workout Arrangement was executed and delivered, and the action(s) of HUD and Oakland Lakes occurred more than five years prior to the initiation of this lawsuit.  Moreover, Plaintiff as a Limited Partner of Oakland Lakes knew and/or had knowledge of the Workout Arrangement as well as the underlying default and negotiations by and between Oakland Lakes and HUD which were the subject matter of said Workout Arrangement prior thereto. Further, upon information and belief, Defendants allege that Oakland Park had engaged counsel in or about 1992 to monitor the negotiations by and between HUD and Oakland Lakes and had

CASE NO.: 00-6147-CIV-LENARD

knowledge of the substance and financial condition(s) of Oakland Lakes as stated in said Workout Arrangement as well as the execution and delivery thereof. Moreover, Oakland Park after the execution of the Workout Arrangement received and reviewed the documents and substantive matters addressed therein.

79.    **II. FAILURE OF CONDITIONS PRECEDENT** - Plaintiff has failed to allege, as a condition precedent(s) to its Action, the statutory requisites of Fla. Stat., §620.163 and/or §620.165. Plaintiff fails to allege a demand on HUD or to Oakland Lakes to initiate an action and/or that it took such action as may have been required, if any, with HUD and/or Condor to determine the applicability of the Workout Arrangement and/or effect of the assignment/endorsement of the Loan Documents and/or as may be required by the Workout Arrangement, Note and/or Mortgage Loan Documents. Further, Plaintiff fails to allege the reasons for its failure to comply with the statutory requirements.

80.    **III. STANDING** - Plaintiff has failed to allege sufficient ultimate facts to establish that it has complied with Fla. Stat., §620.163, in order to seek declaratory relief and/or damages against Defendants, for and on behalf of Oakland Lakes, and specifically as a limited partner derivative action and/or that the alleged action is in the best interest of the partnership. Further, Plaintiff as the alleged general partner of Oakland Park, does not have standing as it purports to claim an interest in the alleged Oakland Lakes/Oakland Park Partnership contrary to the terms of the (Second) Amended Limited Partnership Agreement, Paragraph 6.1 and further fails to allege compliance with the conditions set forth therein.

CASE NO.: 00-6147-CIV-LENARD

81.    **IV. ESTOPPEL/PROMISSORY ESTOPPEL** - Plaintiff, with full knowledge of the lack of sufficient operating rental income to meet mortgage payments and the initial default under the loan documents, on or about February 1, 1992, and thereafter the extensive negotiations by Oakland Lakes and HUD for a period of more than two years resulting in the HUD Workout Arrangement failed to object to the terms and conditions thereof following its execution and delivery, and moreover, failed to object and/or to take any action that would have indicated Plaintiff's objection thereto. Said action or inaction, omission or commission, by Plaintiff was with knowledge, and receipt by it, of the benefits of the Workout Arrangement, including the consideration(s) stated therein and resulting, *inter alia*, in waiver by HUD of its foreclosure rights. The Workout Arrangement benefited Oakland Lakes and resulted in the protection and preservation of the Partnership Assets. Moreover, Plaintiff benefitted in the performance by Oakland Lakes of the Workout Arrangement. But for the Workout Arrangement, the Property would have been foreclosed by HUD unless Plaintiff and/or Defendants had made substantial additional "capital" investments and/or "Optional Limited Partnership Deficiency Loans" and/or "Optional Deficiency Loans".

82.    **V. WAIVER** - Plaintiff, with knowledge and intent, waived any objection, or right to object, to the HUD Workout Arrangement as alleged in Paragraph 81 above.

83.    **VI. LATCHES** - Plaintiff is barred by latches and Defendants incorporate the allegations and matters set forth in Paragraphs 78 and 81 above.

84.    **VII. RATIFICATION** - Plaintiff ratified the actions of Oakland Lakes and the Workout Arrangement. Defendants incorporate the allegations and matters set forth in Paragraphs 78 and 81 above.

CASE NO.: 00-6147-CIV-LENARD

85.    **VIII. BREACH OF CONTRACT; ATTORNEYS' FEES; SET OFF** - Plaintiff's

action(s) is a breach of the (Second) Amended Limited Partnership Agreement and of Plaintiff's

covenant of good faith and fair dealing as required pursuant thereto. Plaintiff's action(s) has

resulted in damages to Defendants including any claims by HUD and/or Condor for indemnity, fees

and expenses including their respective attorneys' fees pursuant to the Loan Documents, if any, for

which Defendant seeks set off and recovery including Oakland Lakes' reasonable attorneys' fees and

costs.

86.    **IX. UNCLEAN HANDS** - Defendants incorporate paragraphs 78 - 85 above, and

further allege that Plaintiff's have failed and refused to participate in, or assist in, obtaining

alternative financing.

87.    **X. INDEMNITY; SET OFF**

A.    Oakland Lakes, Defendants and Oakland Park entered into the Second

Amended and Restated Agreement of Limited Partnership of Oakland Lakes, Ltd., dated June 29,

1990, which is attached as Exhibit "C" to Plaintiff's Complaint. Pursuant to the Second Amended

and Restated Agreement of Limited Partnership, *inter alia*, the General Partners/Defendants pursuant

to Section 3.1, "Management of Partnership Business" and Section 3.2, "Powers of General

Partners" and Section 3.3, "Exercise of Rights and Powers by General Partners" had the right and

duty to manage the business of the Partnership and further to use their best efforts to carry out the

purposes, business and objectives of the Partnership. Pursuant thereto, the General Partners had all

the necessary powers to carry out the purposes, business and objectives referred to in Section 1.3 of

the Partnership Agreement and possessed and enjoyed all of the rights and powers of partners of a

Partnership, without limited partners, except as otherwise provided by Florida Law and/or as limited

16

CASE NO.: 00-6147-CIV-LENARD

by the Agreement. Said rights, powers and duties authorized the general partners to enter into the Workout Arrangement in order to preserve, protect and maintain the property and prevent a foreclosure resulting from the default under the terms of the Note, Mortgage and Loan Documents. Said rights included pursuant to Section 3.2, "Powers of General Partners," to refinance any mortgage indebtedness which is a lien and encumbrance on the project for the aggregate amount of the Mortgage Loan, "capital contributions" of the partners (including the contributed equity); any outstanding "optional deficiency loans" and/or "optional LP deficiency loans," any outstanding "preferred return" and any outstanding "cumulative priority return". The general partners had/have the right to consummate any refinancing for a lesser amount without obtaining consent from any limited partner, including but not limited to the Investor Limited Partner. Defendants aver that to the extent the Workout Arrangement required Limited Partner approval and/or exceeded said aggregate sum, if applicable, the Plaintiff, as Limited Partner, waived any written requirement. Defendants allege and re-aver the matters set forth in paragraphs 78 through 86 above.

B.     Pursuant to the Second Amended and Restated Limited Partnership Agreement, Section 3.5, "Liabilities of General Partners":

> "In carrying out their duties hereunder, the General Partners shall not be liable to the Partnership or to any other Partner for any actions taken in good faith and reasonably believed to be in the best interest of the Partnership or for errors of judgment, neglect, omission or wrongdoing, but shall only be liable for willful misconduct, gross negligence, breach of their obligations under this Agreement or other breach of their fiduciary duties."

C.     Pursuant to Section 3.6 of the Second Amended and Restated Limited Partnership Agreement, "Reliance on Act of General Partners":

CASE NO.: 00-6147-CIV-LENARD

"No financial institution or any other person, firm or corporation dealing with the General Partner shall be required to ascertain whether they are acting in accordance with this Agreement, but such financial institution or such other person, firm or corporation shall be protected in relying solely upon the deed, transfer, or assurance of and the execution of such instrument or instruments by such General Partners".

D.    Pursuant to Section 10.2, "Indemnification and Liability of General Partners":

"The Partnership shall indemnify the General Partners against any claim or liability incurred by them in connection with the business of the Partnership. Neither the Partnership nor any Partner shall have any claim against the General Partners by reason of any acts or omissions that were performed in the good faith belief that they were acting within the scope of their authority under this Agreement and that such General Partners were not grossly negligent or guilty of misconduct with respect to such actions or omissions. Except as provided herein or required by law, no General Partner shall have any obligation or liability to any other Partner or to make any advance to, or contribution to the capital of, the Partnership. The right to indemnification provided in this Section 10.2 shall not extend to personal liability, if any, imposed on the General Partners under state or federal securities laws."

E.    Condor on March 3, 2000, demanded indemnification under the terms of the Note, Mortgage and Loan Documents to defend the actions of Plaintiff. Said demand and indemnification is further set forth in the letter from its counsel, Bilzin, Sumberg, et al., attached hereto and made a part hereof as Exhibit 1.

F.    Pursuant to the Second Amended and Restated Agreement of Limited Partnership, Defendants allege that the General Partners/Defendants acted within the scope of their duties and obligations as General Partners and are entitled to indemnity by Oakland Lakes for the action(s) of Plaintiffs, as Limited Partners, and resulting in the claims/demands by Condor and expenses, including reasonable attorneys' fees incurred and/or to be incurred by Defendants in protecting and preserving the Oakland Lakes properties.

Document Number: 72911-1                    18

CASE NO.: 00-6147-CIV-LENARD

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint, with prejudice, and award to Defendants reasonable attorneys' fees and court costs and such other, and further relief as the Court may deem proper including damages incident thereto.

## COUNTERCLAIM

## COUNT I - INDEMNITY

88.    Defendants/Counter-Plaintiffs sue Plaintiff/Counter-Defendant for Indemnity and allege:

A.    Oakland Lakes, Defendants and Oakland Park entered into the Second Amended and Restated Agreement of Limited Partnership of Oakland Lakes, Ltd., dated June 29, 1990, which is attached as Exhibit "C" to Plaintiff's Complaint. Pursuant to the Second Amended and Restated Agreement of Limited Partnership, *inter alia*, the General Partners/Defendants pursuant to Section 3.1, "Management of Partnership Business" and Section 3.2, "Powers of General Partners" and Section 3.3, "Exercise of Rights and Powers by General Partners" had the right and duty to manage the business of the Partnership and further to use their best efforts to carry out the purposes, business and objectives of the Partnership. Pursuant thereto, the General Partners had all the necessary powers to carry out the purposes, business and objectives referred to in Section 1.3 of the Partnership Agreement and possessed and enjoyed all of the rights and powers of partners of a Partnership, without limited partners, except as otherwise provided by Florida Law and/or as limited by the Agreement. Said rights, powers and duties authorized the general partners to enter into the Workout Arrangement in order to preserve, protect and maintain the property and prevent a

19

foreclosure resulting from the default under the terms of the Note, Mortgage and Loan Documents. Said rights included pursuant to Section 3.2, "Powers of General Partners," to refinance any mortgage indebtedness which is a lien and encumbrance on the project for the aggregate amount of the Mortgage Loan, "capital contributions" of the partners (including the contributed equity); any outstanding "optional deficiency loans" and/or "optional LP deficiency loans," any outstanding "preferred return" and any outstanding "cumulative priority return". The general partners had/have the right to consummate any refinancing for a lesser amount without obtaining consent from any limited partner, including but not limited to the Investor Limited Partner. Defendants aver that to the extent the Workout Arrangement required Limited Partner approval and/or exceeded said aggregate sum, if applicable, the Plaintiff, as Limited Partner, waived any written requirement. Defendants allege and re-aver the matters set forth in paragraphs 78 through 86 above.

      B.    Pursuant to the Second Amended and Restated Limited Partnership Agreement, Section 3.5, "Liabilities of General Partners":

> "In carrying out their duties hereunder, the General Partners shall not be liable to the Partnership or to any other Partner for any actions taken in good faith and reasonably believed to be in the best interest of the Partnership or for errors of judgment, neglect, omission or wrongdoing, but shall only be liable for willful misconduct, gross negligence, breach of their obligations under this Agreement or other breach of their fiduciary duties."

      C.    Pursuant to Section 3.6 of the Second Amended and Restated Limited Partnership Agreement, "Reliance on Act of General Partners":

> "No financial institution or any other person, firm or corporation dealing with the General Partner shall be required to ascertain whether they are acting in accordance with this Agreement, but such financial institution or such other person, firm or corporation shall be protected in relying solely upon the deed, transfer, or assurance of and the execution of such instrument or instruments by such General Partners".

CASE NO.: 00-6147-CIV-LENARD

D.      Pursuant to Section 10.2, "Indemnification and Liability of General Partners":

"The Partnership shall indemnify the General Partners against any claim or liability incurred by them in connection with the business of the Partnership. Neither the Partnership nor any Partner shall have any claim against the General Partners by reason of any acts or omissions that were performed in the good faith belief that they were acting within the scope of their authority under this Agreement and that such General Partners were not grossly negligent or guilty of misconduct with respect to such actions or omissions. Except as provided herein or required by law, no General Partner shall have any obligation or liability to any other Partner or to make any advance to, or contribution to the capital of, the Partnership. The right to indemnification provided in this Section 10.2 shall not extend to personal liability, if any, imposed on the General Partners under state or federal securities laws."

E.      Condor on March 3, 2000, demanded indemnification under the terms of the Note, Mortgage and Loan Documents to defend the actions of Plaintiff. Said demand and indemnification is further set forth in the letter from its counsel, Bilzin, Sumberg, et al., attached hereto and made a part hereof as Exhibit 1.

F.      Pursuant to the Second Amended and Restated Agreement of Limited Partnership, Defendants allege that the General Partners/Defendants acted within the scope of their duties and obligations as General Partners and are entitled to indemnity by Oakland Lakes for the action(s) of Plaintiffs, as Limited Partners, and resulting in the claims/demands by Condor and expenses, including reasonable attorneys' fees incurred and/or to be incurred by Defendants in protecting and preserving the Oakland Lakes properties.

WHEREFORE, Defendants/Counter-Plaintiffs demand judgment for damages and indemnity against Plaintiff/Counter-Defendant, including reasonable attorneys' fees, court costs and such other and further relief as the Court may deem proper.

21

CASE NO.: 00-6147-CIV-LENARD

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was telefaxed and mailed to CHARLES J. BARTLETT, ESQ., Icard, Merrill, et al., 2033 Main Street, Suite 600, Sarasota, Florida 34237; RICHARD T. WOULFE, ESQ., Bunnell, Woulfe, et al., 888 East Last Olas Boulevard, 4th Floor, Fort Lauderdale, Florida 33301; DAVID W. TRENCH, ESQ., Bilzin, Sumberg, Dunn, et al., 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131-2310, this 13 day of March, 2000.

ELLIS, SPENCER & BUTLER
Attorneys for Defendants
4601 Sheridan Street, Suite 505
Hollywood, FL 33021
(954) 986-2291 Broward
(305) 947-0620 Dade

BY: _____
WILLIAM S. SPENCER, ESQ.
Florida Bar No. 100310

## BIL. J SUMBERG DUNN PRICE & . .ELROD LLP

A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS
2500 FIRST UNION FINANCIAL CENTER
200 SOUTH BISCAYNE BOULEVARD • MIAMI, FLORIDA 33131-2336
TELEPHONE: (305) 374-7580 • FAX: (305) 374-7593
E-MAIL: INFO@BILZIN.COM

ONE EAST BROWARD BOULEVARD • SUITE 700
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 356-0030

ALAN D. AXELROD, P.A.*
BRIAN L. BILZIN, P.A.*
J. RONALD DENMAN, P.A.
ALBERT E. DOTSON, JR., P.A.
RICHARD DUNN, P.A.
AUDREY A. ELLIS, P.A.
A. VICKY GARCIA-TOLEDO, P.A.
LESTER L. GOLDSTEIN, P.A.
RICHARD M. GOLDSTEIN, P.A.
ALAN J. KAZAN, P.A.*
SCOTT D. KRAVETZ, P.A.
JOHN M. KUHN, P.A.
STEVEN D. LEAR, P.A.
ALVIN D. LODISH, P.A.**
CARTER N. McDOWELL, P.A.
EILEEN BALL MEHTA, P.A.
HOWARD E. NELSON, P.A.
MARJIE C. NEALON, P.A.
STANLEY B. PRICE, P.A.
MARTIN A. SCHWARTZ, P.A.*
JAMES W. SHINDELL, P.A.
JOHN C. SUMBERG, P.A.*
DAVID W. TRENCH, P.A.
MITCHELL E. WIDOM, P.A.

*ALSO A MEMBER OF NEW YORK BAR
**ALSO A MEMBER OF DC BAR

BRIAN S. ADLER
SUZANNE M. AMADUCCI
CHRISTOPHER D. BROWN
SHERRIL M. COLOMBO
ALLYN S. DANZEISEN
NANCY B. GLIMCHER
RAQUEL M. GONZALEZ
FRANK GUERRA
ADAM D. LUSTIG
DEBORAH R. MAYO
JERRY B. PROCTOR
CHARLES H. RATNER
CHRISTOPHER H. SAIA
ERIC SAIDA
WILLIAM A. SALGADO
TERESA J. URDA
LYNN S. WATERMAN

OF COUNSEL
ARNOLD A. BROWN
RICHARD D. MONDRE, P.A.*
MARC J. STERNBAUM
MARC J. STONE

March 3, 2000

**Via Registered Mail**
**Return Receipt Requested**

Mr. William O. Brisben
Oakland Lakes, Ltd.
4750 Ashwood Drive, Suite 300
Cincinnati, Ohio 45241

> Re:   813268 Ontario, Inc., etc. vs. Oakland Lakes, Ltd., et al.
> United States District Court Case No. 00-6147 CIV-Lenard
> (the "Action")

Dear Mr. Brisben:

This firm represents Condor One, Inc., a Delaware corporation ("Condor One"), one of the defendants in the Action. This letter is sent to you on behalf of Oakland Lakes, Ltd. ("Oakland Lakes"). To the extent the Action triggers the indemnification rights under Section 4.12 of the Amended and Restated Renewal Mortgage, Assignment of Rents and Security Agreement by and between Oakland Lakes and Cincinnati Mortgage Corporation as that instrument may have been amended, modified or assigned (the "Mortgage"), this letter will serve as Condor One's formal request for indemnification.

Condor One desires to retain its own counsel in the Action and it appears to be appropriate that the determination of the propriety and extent of Condor One's right to indemnification be deferred until the conclusion of the Action. In that regard, I suggest that Condor One and Oakland Lakes agree that 1) Condor One has provided Oakland Lakes such notice of its request for indemnification as is required by the Mortgage, 2) Condor One may engage and pay this firm or such other firm as it may choose as its counsel in the Action and direct such firm in the defense of Condor One's interests without any waiver of or jeopardy to Condor One's right to indemnification, 3) the



BILZIN SUMBERG DUNN PRICE & AXELROD LLP

Mr. William O. Brisben
March 3, 2000
Page 2

deferral of the determination of the issues involved in Condor One's claim for indemnification shall not be the basis of any defense by Oakland Lakes of laches or any other form of limitation of Condor One's right, 4) during the pendency of the Action, Oakland Lakes, Ltd. shall have no obligation to provide counsel for the defense of Condor One in the Action or pay the attorney's fees incurred by Condor One, 5) the entitlement and scope of Condor One's claim for indemnification as well as the amount of any indemnification payment shall be determined at the conclusion of the Action, 6) if no agreement can be reached by Condor One and Oakland Lakes with respect to such issues, they will then be submitted to an appropriate tribunal for determination, and 7) this agreement shall constitute no waiver of any rights of either party under the Mortgage or any other loan documents.

I am providing a copy of the letter to your counsel for his review and consideration. I ask that you respond to this letter through him promptly so that defense of the Action can proceed expeditiously.

Sincerely,

David W. Trench, Esq.

DWT:gmi
Enclosure

cc:    William S. Spencer, Esq.

G:\DMS\72644\13375\0281951.01
2/25/2000