UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6147 CIV-LENARD
Magistrate Turnoff



813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;

       Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

       Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Condor One, Inc., a Delaware corporation, by and through undersigned counsel, files this its answer and affirmative defenses to the complaint and counterclaim against Plaintiff and alleges:

G:\DMS\72644\13375\0281675.01
2/24/2000



BILZIN SUMBERG DUNN PRICE & AXELROD LLP
2500 FIRST UNION FINANCIAL CENTER • MIAMI, FLORIDA 33131-2336

## ANSWER

1.  In answer to paragraph 1, Condor One admits that the complaint purports to be an action as described in paragraph 1 of the complaint.

2.  Condor One admits the allegations in paragraph 2.

3.  Condor One admits the allegations in paragraph 3.

4.  In answer to paragraph 3, Condor One admits that it is a corporation organized and existing under the laws of the State of Delaware, but is without knowledge as to the truth or falsity of the remaining allegations in paragraph 4.

5.  Condor One admits the allegations in paragraph 5.

6.  Condor One is without knowledge as to the truth or falsity of the allegations contained in paragraph 6.

7.  In answer to paragraph 7, Condor One admits that Defendant Oakland Lakes is the owner of the apartment complex described in paragraph 7.

8.  Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 8.

9.  Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 9.

10. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 10.

11. Condor One admits the allegations in paragraph 11.

12. In answer to paragraph 12, Condor One admits that it is a Delaware corporation to which HUD assigned the mortgage and other documents described in the assignment, a copy of

which is attached to the complaint as Exhibit "E."

13. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 13.

14. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 14.

15. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 15.

16. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 16.

17. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 17.

18. In answer to paragraph 18, Condor One admits that the Note and Mortgage, as those terms are defined in the complaint, were created as part of a loan transaction with Defendant Oakland Lakes as borrower, but is without knowledge as to the truth or falsity of the remaining allegations.

19. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 19.

20. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 20.

21. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 21.

22. Condor One is without knowledge as to the truth or falsity of the allegations in

paragraph 22 except that Condor One denies that the Limited Partnership Agreement is a loan document as that term is defined in the Mortgage.

23. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 23.

24. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 24.

25. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 25.

26. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 26.

27. In answer to paragraph 27, Condor One admits that Oakland Lakes defaulted in one or more of its obligations under the Loan Documents as that term is defined in the complaint, but is without knowledge as to the time or duration of such default or defaults.

28. In answer to paragraph 28, Condor One admits that HUD entered into negotiations which resulted in the execution of the Provisional Workout Arrangement, a copy of which is attached to the complaint as Exhibit "D."

29. In answer to paragraph 29, Condor One admits that HUD and William O. Brisben, as General Partner of Oakland Lakes, executed the Provisional Workout Arrangement, a copy of which is attached as Exhibit "D" to the complaint.

30. Condor One denies the allegations in paragraph 30.

31. In answer to paragraph 31, Condor One is without knowledge of whether HUD had copies of all of the Loan Documents, as that term is defined in the complaint, and denies the

remaining allegations in paragraph 31.

32. In answer to paragraph 32, Condor One admits that HUD assigned the Note and Mortgage and other documents described in the assignment from HUD to Condor One, a copy of which is attached as Exhibit "E" to the complaint.

33. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 33.

34. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 34.

35. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 35.

36. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 36.

37. In answer to paragraph 37, Condor One admits that a suit involving Defendant Oakland Park is pending in the Circuit Court for the Seventeenth Judicial Circuit of Broward County, Florida, but is without knowledge of the remaining allegations.

38. In answer to paragraph 38, Condor One admits that a motion to appoint a receiver is pending in the State Court Action, but is without knowledge of the remaining allegations.

39. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 39.

40. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 40.

41. Condor One is without knowledge as to the truth or falsity of the allegations in

paragraph 41.

42. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 42.

43. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 43.

44. In answer to paragraph 44, Condor One realleges its answers to paragraph 1 through 43 of the complaint.

45. Condor One denies the allegations contained in paragraph 45.

46. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 46.

47. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 47.

48. In answer to paragraph 48, Condor One realleges its answers to paragraphs 41 through 43 of the complaint.

49. In answer to paragraph 49, Condor One admits that Plaintiff restates some of the provisions contained in the assignment attached as Exhibit "E" to the complaint and further states that the full and complete language of the assignment is set forth in Exhibit "E."

50. Condor One denies the allegations in paragraph 50.

51. In answer to paragraph 51, Condor One admits that the assignment, a copy of which is attached to the complaint as Exhibit "E," contemplated the assignment of the Note and Mortgage and other documents as more specifically set forth in Exhibit "E."

52. Condor One denies the allegations in paragraph 52.

53. Condor One denies the allegations in paragraph 53.

54. Condor One denies the allegations in paragraph 54.

55. In answer to paragraph 55, Condor One realleges its answers to paragraphs 1 through 43 of the complaint.

56. Condor One admits that paragraph 56 accurately quotes a portion of the Provisional Workout Arrangement, a copy of which is attached as Exhibit "D" to the complaint.

57. Condor One denies the allegations in paragraph 57.

58. In answer to paragraph 58, Condor One admits that HUD assigned its interest in the Note and Mortgage and other documents described in the assignment from HUD to Condor One, but denies that such assignment is a violation of the terms of the Provisional Workout Arrangement.

59. Condor One denies the allegations in paragraph 59.

60. Condor One denies the allegations in paragraph 60.

61. Condor One is without knowledge of the allegations in Count IV of the complaint and provides no other answer on the grounds that Count IV seeks no relief against Condor One.

62. Except as expressly admitted above, Condor One denies each and every allegation in the complaint.

## AFFIRMATIVE DEFENSES

63. For and as its first affirmative defense, Condor One alleges that Plaintiff's claims against Condor One are barred by the statute of limitations. Specifically, the Provisional Workout Arrangement, which is the subject of Plaintiff's claims against Condor One, was executed by Oakland Lakes on December 22, 1994 and by HUD on January 5, 1995. Plaintiff's complaint was filed on January 31, 2000, more than five years after the Provisional Workout Arrangement was

executed and delivered.

64. For and as its second affirmative defense, Condor One alleges that Plaintiff's claims against Condor One are barred by the doctrine of estoppel. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. Condor One relied to its detriment upon the lack of any objection in its purchase of the Note and Mortgage and other loan documents and in its administration of the loan.

65. For and as its third affirmative defense, Condor One alleges that Plaintiff's claims against Condor One are barred by the doctrine of waiver. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. Plaintiff waived its rights to contest the validity of the Provisional Workout Arrangement.

66. For and as its fourth affirmative defense, Condor One alleges that Plaintiff's claims against Condor One are barred by Plaintiff's inequitable conduct. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. It is inequitable for Plaintiff to seek to avoid the Provisional Workout Arrangement's obligations after accepting its full benefits.

67. For and as its fifth affirmative defense, Condor One alleges that Plaintiff has no standing or right to challenge HUD's assignment of the Note and Mortgage and other loan documents to Condor One. HUD sold the Note and Mortgage and other loan documents pursuant to its authority to do so under federal statutes and regulations. Borrowers, including Plaintiff, have

no standing under such federal statutes or regulations to challenge any such a sale.

68.  For and as its sixth affirmative defense, Condor One asserts that Plaintiff's claims against Condor One are barred by the fact that the Provisional Workout Agreement was executed by a general partner of Oakland Lakes who acted with apparent authority to execute such document.

## **COUNTERCLAIM**

Defendant/Counter-Plaintiff Condor One, Inc. sues Plaintiff/Counter-Defendant 813268 Ontario, Inc., as General Partner of Oakland Park (Florida) Limited Partnership, an Ontario limited partnership, and alleges:

1.  This is an action seeking damages for interference with an advantageous business relationship and is within the jurisdiction of this Court.

2.  Defendant/Counter-Plaintiff Condor One, Inc. ("Condor One") is a corporation organized and existing under the laws of the state of Delaware.

3.  Plaintiff/Counter-Defendant 813268 Ontario, Inc. is a Canadian corporation and is the general partner of Oakland Park (Florida) Limited Partnership ("Oakland Park") which is a limited partnership organized and existing under the laws of the province of Ontario, Canada. Oakland Park is a limited partner in Oakland Lakes, Ltd. ("Oakland Lakes"), a limited partnership organized and existing under the laws of the state of Florida.

4.  This court has subject matter jurisdiction over this action because there is a complete diversity of citizenship between Defendant/Counter-Plaintiff Condor One and Plaintiff/Counter-Defendant Oakland Park under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

6.  Prior to 1995, the Secretary of the United States Department of Housing and Urban

Development ("HUD") was the owner of that certain Amended and Restated Renewal Mortgage, Assignment of Rents and Security Agreement executed by Oakland Lakes for the benefit of Cincinnati Mortgage Corporation, an Ohio corporation, as Mortgagee, dated October 5, 1989, and recorded on October 5, 1989, at Book 16818, Page 609, in the Official Records of Broward County, Florida (the "Mortgage"), which Mortgage secures the repayment of that certain Amended and Restated Renewal Mortgage Note dated October 5, 1989, made by Oakland Lakes in favor of Cincinnati Mortgage Corporation, an Ohio corporation ("Note") and other documents, agreements, instruments, and other collateral which evidence, secure or otherwise relate to HUD's right, title of interest in and to the Mortgage and/or the Note. Copies of the Note and Mortgage are attached to the complaint as Exhibits "A" and "B" respectively and are incorporated herein by reference.

7. On or about December 24, 1994, Oakland Lakes executed a document entitled Provisional Workout Arrangement between it and HUD in which Oakland Lakes acknowledged that the Note and Mortgage were in default and agreed to certain terms and conditions to be met by Oakland Lakes in order to avoid a foreclosure action by HUD. The Provisional Workout Arrangement was executed by HUD on January 5, 1995. A copy of the Provisional Workout Arrangement is attached as Exhibit "D" to the complaint and incorporated herein by reference.

8. On or about May 8, 1995, HUD assigned the Note and Mortgage and other loan documents to Condor One. A true and correct copy of the assignment from HUD to Condor One is attached as Exhibit "E" to Plaintiff's complaint and is incorporated herein by this reference.

9. From and after the assignment of the Note and Mortgage to Condor One, all payments made under the Note and Mortgage were delivered to Condor One pursuant to the terms of the Provisional Workout Arrangement without any objection by Plaintiff.

10. Nearly four years later, on or about May 6, 1999, Condor One received a bid from Ocwen Federal Bank ("Ocwen") to purchase the Note and Mortgage and other loan documents.

11. Condor One's negotiations with Ocwen proceeded rapidly and favorably. By early June, 1999, Ocwen advised Condor One that it anticipated receiving approval of the purchase by its committee at its meeting on June 11, 1999 and anticipated closing the purchase on June 15, 1999. The contract for purchase and all other documents regarding the sale were to be executed on June 15, 1999 at the closing.

12. Upon information and belief, Oakland Park became aware of Condor One's negotiations to sell the Note and Mortgage and other loan documents and wrongfully, purposefully and without justification sought to prevent such sale.

13. On or about June 7, 1999, in furtherance of its wrongful efforts to prevent the sale from occurring, Oakland Park caused its counsel to send Condor One a letter asserting that the Provisional Workout Arrangement, the benefits of which Plaintiff had knowingly accepted for over three years, had been executed by Oakland Lakes without authorization. Oakland Park knew or should have known such assertions were baseless and made them solely to prevent the sale from occurring.

14. Oakland Park did not know the identify of Condor One's prospective purchaser, but knew that Condor One was obligated to disclose its letter to any prospective purchaser in the course of its negotiations.

15. On or about June 11, 1999, the day of Ocwen's committee meeting to approve the sale, Condor One disclosed Oakland Park's letter to Ocwen.

16. After reviewing the content of Plaintiff/Counter-Defendant's letter, Ocwen advised

Condor One that, as a consequence of the content of this letter, Ocwen would not purchase the Note and Mortgage.

17. Since that time, interest rates have risen and the market for such loans has changed. As a consequence, Condor One is unable to sell the Note and Mortgage at as favorable a price.

18. Had Oakland Park not wrongfully interfered with the business relationship between Ocwen and Condor One, the sale by Condor One to Ocwen would have been completed.

19. As a consequence to the foregoing, Condor One has been damaged by Oakland Park's wrongful, purposeful and unjustified interference with the advantageous business relationship between Condor One and Ocwen in an amount in excess the jurisdictional limits of this Court.

20. All conditions precedent to the bringing of this action have incurred, been satisfied by Condor One or have been waived by Oakland Park.

WHEREFORE, Defendant/Counter-Plaintiff Condor One, Inc. demands judgment against Plaintiff/Counter-Defendant 813268 Oakland Park, Inc., as General Partner of Oakland Park (Florida) Limited Partnership, an Ontario limited partnership, for damages in excess of $75,000.00, costs and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BILZIN SUMBERG DUNN PRICE & AXELROD LLP**
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: _____
David W. Trench
Florida Bar No. 202975

G:\DMS\72655\13375\0284112.01
3/10/2000

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished via U.S. Mail on this 13th day of March, 2000 to: Richard T. Woulfe, Esq., Co-Counsel for Plaintiff, Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., P.O. Drawer 030340, 888 E. Las Olas Boulevard, Suite 400, Ft. Lauderdale, Florida 33303-0340; Robert E. Messick, Esq., Co-Counsel for Plaintiff, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237; and William S. Spencer, Esq., Ellis, Spencer & Butler, 4601 Sheridan, Hollywood, Florida 33021.

David W. Trench