UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



Case No. 00-6147 CIV-LENARD
Magistrate Turnoff

813268 Ontario, Inc., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;

      Plaintiff,

v.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLANDS LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

      Defendants.
_____/

### SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

      The United States Attorney, on behalf of the Secretary of the United States Department of Housing and Urban Development ("HUD") moves to dismiss this action pursuant to Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6). Plaintiff has failed to state valid



grounds for jurisdiction against HUD or to state a claim against HUD for which relief can be granted. A memorandum of law in support of this motion is submitted herewith.

## I.  INTRODUCTION

Plaintiff filed its complaint on behalf of a commercial mortgagor to set aside a Provisional Workout Arrangement ("PWA"). Complaint at ¶ 1. Plaintiff admittedly defaulted on its original mortgage obligations, id. at ¶ 27, and also on its obligations under the PWA, id. at ¶ 71, which became effective on February 1, 1995. See id. at Exhibit D at 1. However, having accepted the benefits of the PWA since 1995, Plaintiff seeks to have the original mortgage terms reinstated, claiming that the general partner of the mortgagor was not authorized to enter into the PWA. Id. At Count I, Prayer for Relief; Id. at ¶¶ 30 and 45. Plaintiff also seeks to set aside the May 8, 1995 mortgage assignment, see id. at Exhibit E, from the Secretary of Housing and Urban Development ("HUD") to co-defendant Condor One, Inc. Id. at Count II and III, Prayer for Relief.

As will be shown in section II.A., the National Housing Act ("NHA") waiver relied upon by Plaintiff, 12 U.S.C. § 1702, see id. at ¶ 2, is unavailable to Plaintiff, because Plaintiff fails to identify under the NHA the breach of even a single statutory or regulatory duty conceivably owed to Plaintiff by HUD.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.  THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST HUD BECAUSE THERE HAS BEEN NO APPLICABLE WAIVER OF SOVEREIGN IMMUNITY

It is well settled that the United States may only be sued to the extent to

2

which it has waived sovereign immunity. Jackson v. Romney, 355 F. Supp. 737 (D.D.C. 1973), aff'd, 506 F.2d 233 (D.C. Cir. 1974). A waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign. Department of the Army v. Blue Fox, Inc., ___ U.S. ___, 119 S. Ct. 687 (1999). Moreover, a waiver of sovereign immunity must be unequivocally expressed in the statutory text. Id. A sue and be sued clause, such as 12 U.S.C. § 1702 relied upon by Plaintiff in this case, is not a carte blanche waiver of sovereign immunity; rather it is a limited waiver.[1] "Courts should not lightly imply that the United States has consented to forego the normal immunity of the sovereign from suit. Jackson, 506 F. 2d 233, 236 (D.C. Cir. 1974).

In Jackson, like the instant case, the plaintiffs sought a declaratory judgment action alleging that the Secretary of Housing and Urban Development was acting in violation of the National Housing Act. The Court held that the plaintiff must show standing and demonstrate that they were arguably within the zone of interests to be protected or regulated by the statute. 355 F. Supp. At 741. (See also United States v. Neustadt, 366 U.S. 696, 81 S. Ct. 1294, 6 L. Ed. 2d 614 (1961) (holding that purchasers of homes could not sue for inaccurate FHA appraisals since the predominant objective of the appraisal system was the "protection of the Government and its insurance funds" and that the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees.) The Court in Jackson concluded that

---

[1]To the extent that Plaintiff is alleging a contract action against the United States for damages in excess of $10,000, exclusive jurisdiction lies in the Court of Claims 28 U.S.C.§1346 (a) (2).

the restrictions placed on HUD before it may insure a mortgage does not create a private cause of action against the Government **on behalf of the mortgagor**, and the Court dismissed the plaintiff's complaint on the grounds that it failed to state a claim upon which relief could be granted. The Court of Appeals affirmed, stating that the provisions relied upon by the plaintiffs did not create a private cause of action nor did they waive sovereign immunity.

An action may be brought against the Government only to the extent that the plaintiff can show that the statute, properly construed, was intended to create a private cause of action and that the plaintiff was within the "zone of interests" which Congress intended to protect in creating the statute. Touche Ross & Co. v. Redington, 442 U.S. 560, (1979); Resident Council of Allen Parkway Village v. United States Department of Housing and Urban Dev., 980 F. 2d. 1043, 1054 (5th Cir. 1993) (to establish an implied right of action under a federal statute, the plaintiff has the burden of demonstrating that Congress affirmatively intended to create a private right of action); Falzarano v. U.S., 607 F. 2d 506 (1st Cir. 1979) (holding National Housing Act's language neither created rights in favor of any private party nor proscribed behavior herein complained of, tenants were not sole beneficiaries of Act, there was no indication of legislative intent to create or deny private remedy, and private right of action would not be consonant with overall legislative scheme. The National Housing Act section, which states that Secretary of Housing and Urban Development shall be authorized to sue and be sued in any court of competent jurisdiction, state or federal, does not operate as basis for private right of action.)

The "zone of interests" requirement reflects a policy of judicial self-restraint

relating to standing, apart from the bare demands of Article III of the Constitution. Whether a litigant possesses standing must be determined from the intent of Congress. Roadway Inns of America v. Frank, 541 F. 2d 759, 766 (8th Cir. 1976) cert. denied, 97 S. Ct. 1580, 430 U.S. 945, 51 L. Ed. 2d 792.

In the present action, plaintiff does not rely on any particular provision of the NHA or HUD's regulations, nor has it made a showing that investment oriented or commercial mortgagors were intended to be protected by any provision of the NHA.

In U.S. v. OCCI, 758 F.2d 1160 (7th Cir. 1985)[2] the Seventh Circuit held:

> There is little doubt that HUD, in its dealings with defaulting mortgagors, is obliged to follow the mandates and policies of the National Housing Act, see, e.g., United States v. Winthrop Towers, 628 F. 2d at 1035, and " ' [a] action taken without consideration of them, or in conflict with them, will not stand.'"Id. (citation omitted). One of the objective of the national housing policy, as pointed out by OCCI, is that "private enterprise shall be encouraged to serve as large a part of the total need as it can ....." 42 U.S.C. § 1441. **However, once a mortgagor defaults, " ' [t] he federal policy to protect the treasury and promote the security of federal investment which is turn promotes the prime purpose of the Act - - to facilitate the building of homes by use of federal credit - - becomes predominant.' "** United States v. Victory Highway Village, Inc., 662 F.2d at 494, quoting United States v. Stadium Apts., Inc., 425 F.2d 358, 363 (9th Cir.), cert. denied, 400 U.S. 926, 91 S. Ct. 187, 27 L. Ed. 2d 926 (1970).

758 F.2d at 1163 (emphasis supplied).

---

[2] This decision was written prior to 1992 and the creation of non-judicial foreclosure proceedings by Congress. Under the pre-1992 system, HUD filed with the Court to enforce foreclosure. OCCI, raising grounds similar to those raised by Plaintiff in the present case, was not permitted to avoid foreclosure and the Court entered judgment for HUD as a matter of law holding that OCCI failed to raise sufficient factual allegations to halt foreclosure proceedings.

After a default, as admittedly occurred with Plaintiff's loan, the courts have repeatedly stated that the purpose of the NHA is the protection of the United States Treasury so that the money recouped through these defaulted multifamily housing projects can be rerouted to those individuals, families and those in need whom the Act was intended to benefit. In a similar action, <u>Bayvue Apt. Joint Venture v. Ocwen Federal Bank</u>, 971 F. Supp. 129, 132 (D.D.C. 1997), owners of three multi-family housing projects sued HUD and the bank, seeking declaratory and equitable relief in connection with HUD's sale to a bank of notes executed to refinance the projects. On defendants' motions to dismiss, the district court held the plaintiffs lacked standing to assert their demand that HUD's auction sale of notes executed to refinance the projects be set aside. The court held the plaintiff's asserted injuries were not within the "zone of interests" protected by the statute or regulation in question, specifically, the National Housing Act and HUD's operating regulations.

In the present action, Plaintiff has not demonstrated any provision under the National Housing Act which provides a private cause of action, nor could it ever do so under the facts as alleged. Neither has Plaintiff taken the additional step of demonstrating that it was intended to be a beneficiary of any particular provision of the statute. To the contrary, recent case law demonstrates that plaintiff will never be able to show that it is within the "zone of interests" to be protected by any section of the NHA which deals with multifamily housing and commercial mortgagors. Accordingly, Plaintiff lacks standing to pursue an action under the NHA and has failed to state a claim for which relief can be granted.

## III. CONCLUSION

Plaintiff's complaint against HUD should be dismissed because this Court lacks jurisdiction over Plaintiff's claim against HUD, and because Plaintiff has failed to state a claim against HUD for which relief can be granted because there has been no applicable waiver of sovereign immunity.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

*/s/ William C. Healy*
WILLIAM C. HEALY
ASSISTANT UNITED STATE ATTORNEY
99 N.E. 4th Street
Third Floor/Civil Division
Miami, FL 33132-2111
Tel. (305) 961-9438
Fax (305) 530-7135
Email: william.healy@doj.com
FL Bar No: 0848395

OF COUNSEL:
JUD. E. MCNATT
Trial Attorney
U.S. Department of Housing
  And Urban Development
40 Marietta Street
Atlanta, GA 30303-2806

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed on this 10th day of April, 2000 to: David W. Trench, Esq., Bilzin Sumberg Dunn Price & Axelrod L.L.P., 2500 First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131; Richard T. Woulfe, Esq., Co-Counsel for Plaintiff, Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., P. O. Drawer 030340, 888 E. Las Olas Boulevard, Suite 400, Ft. Lauderdale, Florida 33303-0340; Robert E. Messick, Esq., Co-Counsel for Plaintiff, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237; and William S. Spencer, Esq., Ellis, Spencer & Butler, 4601 Sheridan, Hollywood, Florida 33021.

_____
WILLIAM C. HEALY
ASSISTANT UNITED STATE ATTORNEY