UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.00-6147-CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;
        Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,
        Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO HUD'S MOTION TO DISMISS

Plaintiff, 813268 ONTARIO, INC., as general partner of OAKLAND PARK (FLORIDA) LIMITED PARTNERSHIP, an Ontario limited partnership, as limited partner of, and on behalf of OAKLAND LAKES, LTD., a Florida Limited Partnership, by and through its undersigned attorneys, files its Memorandum of Law in Opposition to the motion to dismiss filed by The Secretary of United States Department of Housing and Urban Development ("HUD") and states:

I. **INTRODUCTION**

Plaintiff, as a limited partner of Oakland Lakes Ltd., has brought a Limited Partner's derivative action on behalf of Oakland Lakes. Plaintiff brought suit, for purposes of HUD's motion to dismiss, due to the actions of the general partner of Oakland Lakes, Defendant William O. Brisben, in entering into a Provisional Workout Arrangement with HUD after the original mortgage held by HUD had gone into default. Plaintiff contends that Brisben did not have Plaintiff's authority to enter into the Provisional Workout Arrangement, which authority was required under the Limited Partnership Agreement between Plaintiff and Brisben, and of which HUD was aware. Plaintiff also contends the Provisional Workout Arrangement required HUD to hold the subject note and mortgage, and that HUD violated the express terms of the Provisional Workout Arrangement by assigning it almost immediately after entering into it. Plaintiff seeks declaratory relief against HUD, in the nature of a ruling construing the rights and responsibilities of the parties under the Provisional Workout Arrangement, and the underlying note and mortgage.

HUD has moved to dismiss, claiming that this Court does not have jurisdiction over Plaintiff's claims against HUD because there has been no waiver of Sovereign immunity. As will be shown below, Plaintiff's claims are clearly authorized by the waiver of sovereign immunity contained in the National Housing Act, and HUD's citations to authority in its motion are wholly inapplicable to this case.

II. **ARGUMENT**

    A. **12 U.S.C. § 1702 PROVIDES A WAIVER OF SOVEREIGN IMMUNITY FOR PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF AND HUD WERE IN PRIVITY UNDER THE NOTE, MORTGAGE, AND PROVISIONAL WORKOUT ARRANGEMENT, WHICH INCORPORATED PROVISIONS OF THE NATIONAL HOUSING ACT.**

For purposes of HUD's motion to dismiss, all of the allegations in the complaint should be taken as true. Plaintiff has alleged:

1. HUD originally coinsured the mortgage which is the subject of this dispute. (complaint paragraph 20).

2. HUD took action in regard to the Note, Mortgage and Provisional Workout Arrangement pursuant to its administration of the National Housing Act (complaint paragraph 2).

3. HUD received a copy of the Limited Partnership Agreement, which required Plaintiff's consent to enter into the Provisional Workout Arrangement. (Complaint paragraph 24, 30)

4. Cincinnati Mortgage, the private co-insurance lender under the original mortgage defaulted on its guarantee obligations and HUD assumed ownership of the note and mortgage. (Complaint paragraphs 25, 26)

5. The Mortgage was in default and HUD elected not to initiate foreclosure proceedings, rather, electing to enter into the Provisional Workout Arrangement. (Complaint paragraph 28).

6. The Provisional workout Arrangement was entered into without proper authority, and HUD knew, or should have known as much. (Complaint paragraph 31).

Section 1702 of the National Housing Act states in pertinent part:

> The Secretary shall, in carrying out the provisions of [the National Housing Act], be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

12 U.S.C. § 1702.

Congress, in enacting the National Housing Act (the Act), and recognizing that HUD would be involving itself in loan transactions, saw the need to allow for a waiver of sovereign immunity so that disputes over such loan transactions could be addressed. This case is just such a dispute. Plaintiff is suing based on an agreement to which HUD was a party. The mortgage which is the subject of the Provisional Workout Arrangement incorporates the relevant sections of the Act. (Complaint, Exhibit B, page 2). HUD had co-insured the mortgage as authorized by the Act. HUD then removed the co-insurance mortgagee, again, as authorized by the Act and the regulations HUD established to administer the Act. HUD stepped into the shoes of the mortgagee, and into direct privity with Plaintiff. HUD then negotiated with Plaintiff and improperly entered into the Provisional Workout Arrangement with Plaintiff's general partner.

HUD is now attempting to suggest that Plaintiff cannot sue HUD because there is no waiver of sovereign immunity. Plaintiff's claims against HUD are the exact type of situation Congress envisioned when it drafted the sue and be sued language contained in Section 1702 of the Act. If Congress had truly only wanted to allow HUD to sue to foreclose mortgages, it would not have included HUD's right to "be sued" with its right to "sue." Congress established HUD, authorized it to engage in business transactions with the public and included in the legislation authority to "sue and be sued". Accordingly, restrictions on such authority should not be implied. Federal Housing Administration Region No. 4 v. Burr, 309 US 242, 245, 60 S. Ct. 488, 490, 84 L. Ed. 724 (1940).

Counsel for HUD, in it Motion to Dismiss, has also attempted to confuse the issues in this case by claiming that jurisdiction and a waiver of sovereign immunity are one in the same issue when in truth they are not. While sovereign immunity and subject matter jurisdiction are closely

related, they are two separate requirements. <u>York Associates, Inc. v. The Secretary of Housing and Urban Development</u>, 815 F.Supp. 16, 19 (D.D.C. 1993).

In <u>United States of America v. American National Bank & Trust Co.</u>, 443 F.Supp. 167 (N.D. IL. 1977), the owner of an apartment complex subject to a note and mortgage held by HUD brought a counterclaim against the United States after the United States had initiated foreclosure proceedings. The counterclaim alleged that HUD had failed to follow the Act by failing to supervise the original owner of the property, thereby allowing it to divert funds from the project and causing the property to fail. The United States moved to dismiss the counterclaim based on sovereign immunity, lack of jurisdiction, and failure to state a claim upon which relief could be granted.

The Court ruled that 12 U.S.C. § 1702 operated as a waiver of sovereign immunity in such a case, and that jurisdiction existed under 28 U.S.C. § 1331. <u>Id</u>. at 171. In so doing, the court noted that federal common law governed HUD's alleged failure to follow the provisions of the Act by failing to properly supervise a mortgage insured under federal law.[1] In the present case, Plaintiff has alleged that HUD failed, pursuant to the requirements imposed on it by the Act, to properly enter into and perform The Provisional Workout Arrangement. Accordingly, 12 U.S.C § 1702 would waive sovereign immunity for such a claim, and jurisdiction would exist under 28 U.S.C § 1331.

Furthermore, the Court in <u>York Associates, Inc. v. The Secretary of Housing and Urban Development</u>, 815 F.Supp. 16 (D.D.C. 1993), ruled that Section 1702 waived sovereign immunity

---

[1] Notwithstanding the above discussed holdings, the <u>American National</u> Court ruled that the counterclaim failed to state a claim upon which relief could be granted because it sought to hold HUD responsible for failing to monitor the counterclaimant's predecessor in interest. The Court, finding that an assignee could not sue if the assignor could not have maintained the action, dismissed the counterclaim. No such defect exists in the present case.

for equitable claims. In that case, York, a multifamily housing mortgage lender, sought relief concerning whether HUD was required to pay interest on cash reimbursements to York. HUD then moved to dismiss. The Court noted the provisions of the Act were incorporated into the terms of the contracts between the parties (as they are in the present case), and that York's alleged injuries under the National Housing Act and Administrative Procedure Act, 5 U.S.C. §§ 702. 704, established federal subject matter jurisdiction under 28 U.S.C. § 1331.[2]

### B.  HUD'S CITATIONS TO AUTHORITY MISCONSTRUE THE REQUIREMENTS IMPOSED BY SECTION 1702 OF THE NATIONAL HOUSING ACT UNDER THE FACTS OF THE PRESENT CASE

Counsel for HUD attempts to create additional confusion by claiming Plaintiff in this case must demonstrate "standing," demonstrate it is within "the zone of interest to be protected by the Act," and that the Act includes "a private right of action." These concepts are simply inapplicable to the present situation. HUD's citations to authority involve situations where a third party, not in privity with HUD, attempted to sue HUD based on the Act. In those situations, a party may very well need to demonstrate standing, a private right of action, and that the party was in the zone of interest to be protected by the statute. In the present case, however, where Plaintiff is in direct privity with HUD and the note and mortgage incorporate the provisions of the Act, Plaintiff need not meet the tests enunciated by counsel for HUD in its Motion to Dismiss. Counsel for HUD also

---

[2] Plaintiff contends that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In addition, diversity jurisdiction is proper under 28 U.S.C. § 1332. Garden Homes, Inc. v. Mason, 238 F.2d 651 (1st Cir. 1956) (Holding for diversity purposes HUD is to be treated as a Federal corporation and citizen of the District of Columbia). If this Court, however, were to rule that subject matter jurisdiction did not exist under federal question or diversity jurisdiction, Plaintiff would be able to sustain its jurisdictional burden under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. York at 20. Furthermore, jurisdiction would be proper under 28 U.S.C. § 1337. Davis v. Romney, 490 F.2d 1360, 1365 (3d Cir. 1974).

attempts to equate the term "mortgagor" with a party not in privity with HUD. In this case, however, Plaintiff, as mortgagor, is suing HUD as mortgagee. In the cases relied on by HUD in its Motion to Dismiss, HUD was not in privity with the mortgagor, but instead with the mortgagee, as only an insurer of the mortgage.

HUD, in trying to convince this Court that it should dismiss this action, cites authority which is tenuous at best. HUD cites the case of Jackson v. Romney, 355 F.Supp. 737 (D.D.C. 1973), aff'd 506 F.2d 233 (D.C. Cir. 1974), as similar to this case, in support of its arguments that Plaintiff must demonstrate standing and that HUD's insurance restrictions did not create a private cause of action. In Jackson, however, private homeowner's sought relief against HUD as the insurer of their mortgages. In the present case, Plaintiff seeks relief against HUD as the mortgagee. The homeowners in Jackson sought damages and a declaratory judgment that HUD should only guarantee mortgages on homes which met local housing codes. Id. at 738. The Court, in ruling that the homeowners could not obtain relief, found:

1) HUD had since amended its regulations to include such a requirement;

2) HUD's mortgage insurance requirements involved the lender and not the actual purchaser of the home;

3) The homeowners' damage claims for the defects in the home were more properly brought against the sellers of the homes; and

4) The Act did not authorize HUD to reimburse private owners for defects.

Moreover, the Court's ruling that the homeowner's lacked standing related only to the fact that the homeowners had mortgages insured under prior regulations which had since been amended to reflect the changes sought by the homeowners. The Court therefore ruled that HUD's current regulations could not inflict harm on them, thereby depriving them of standing. Plaintiff

in this case has standing because it is in privity with HUD. If HUD cannot be sued in the present case, one would be challenged to find any case, under any factual circumstance that would justify action under the sue and be sued clause contained in 12 U.S.C § 1702.

HUD also cites the case of United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed. 2d 614 (1961), as authority that Plaintiff must demonstrate it is within the zone of interest to be protected by the Act. The Court in the United States of America v. American National Bank & Trust Co., 443 F.Supp. 167 (N.D. IL. 1977), discussed above, however, pointed to the fact that Neustadt dealt with a claim brought against the Fair Housing Administration for failure to properly inspect a home, which was inapplicable to a situation where a mortgagor sought to hold HUD accountable for the proper functioning of its mortgage insurance procedures. Likewise, Neustadt is inapplicable to the present case because Plaintiff seeks relief against HUD pursuant to the note, mortgage and Provisional Workout Arrangement to which HUD is a party, and which incorporate the Act.

HUD also cites Falzarano v. U.S., 607 F.2d 506 (1st Cir. 1979), and other cases, claiming Plaintiff, must show that the statute was intended to create a private cause of action, and that Plaintiff is in the zone of interest to be protected by the statute. In so doing, HUD misconstrues the law. In Falzarano, tenants in a federally subsidized housing project brought a class action suit against HUD and the owners of the project, claiming the owners had improperly siphoned funds, and that HUD had improperly allowed such events. The Court ruled that 12 U.S.C. § 1715l(d)(3) of the Act did not create a private cause of action on behalf of the tenants.

The <u>Falzarano</u> ruling again addresses a situation where a third party, involved in, but not a party to a HUD regulated transaction, attempts to assert a cause of action against HUD. In the present case, Plaintiff does not need to find a private cause of action within the statute because it is in privity with HUD under a note and mortgage incorporating the Act, and HUD's actions were taken pursuant to the Act. The <u>Falzarano</u> court even identified the fact that the plaintiffs in that case attempted to argue violations of HUD regulatory agreements could be enforced via judicial review. The court distinguished such cases on the basis that the party suing to enforce the agreement was one of the parties to the agreement. <u>Id.</u> At 513 N.5. In this case, Plaintiff is a party to the statutorily authorized transaction on which it seeks judicial review, and as such, no "private right of action" need be authorized by the statute.

HUD's argument that Plaintiff lacks standing to bring suit is also misplaced. HUD relies on the case of <u>Bayvue Apt. Joint Venture v. Ocwen Federal Bank</u>, 971 F.Supp. 129 (D.D.C 1997), to suggest that Plaintiff may not bring the instant action because Plaintiff is not within the "zone of interest" specifically contemplated by the Act. <u>Bayvue</u>, however, dealt with a situation where the owners of multi family housing projects attempted to get a third party to bid on the owners' defaulted notes at a HUD controlled auction. The Court ruled that the owners lacked standing because they did not participate as bidders, and because the bidding restrictions were designed to allow HUD to control the bidding process, not to protect the bidders. In the present case, Plaintiff is asserting claims arising out of HUD's administration of a HUD controlled mortgage which itself incorporates the applicable provisions of the Act. The "zone of interest" test is simply inapplicable to the present case. Moreover, HUD's reliance on the language of <u>United States v. OCCI Co.</u>, 758 F.2d 1160 (7th Cir. 1985), is also misguided. IN <u>OCCI</u>, HUD was foreclosing a

mortgage, and the mortgagors attempted to assert a defense that HUD's denial of the mortgagor's offer to sell the property to a third party was arbitrary and capricious. The quote cited by HUD in its motion points out that HUD must comply with the Act. While promotion of the building of homes by use of federal credit may be "predominant," it does not obviate HUD's responsibility to exercise reasonable diligence in exercising its duties under the Act, as Plaintiff has alleged in the present case.

## CONCLUSION

12 U.S.C. § 1702 provides a waiver of sovereign immunity, allowing Plaintiff to bring suit against HUD under the facts of this case. Subject matter jurisdiction of these claims is proper under 28 U.S.C. § 1331 and 1332. Plaintiff need not demonstrate standing, a private cause of action, or that it is within the zone of interest as claimed by HUD, because Plaintiff is in privity with HUD under a note and mortgage incorporating provisions of the Act.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: **WILLIAM S. SPENCER, ESQ.**, 4601 Sheridan Street, Hollywood, Florida 33021, **DAVID W. TRENCH, ESQ.**, 2500 First Union Financial Center, Miami, FL 33131-2336, **WILLIAM C. HEALY, ESQ.**, 99 N.E. 4th Street, Third Floor/civil Division, Miami, FL 33132-2111, and **RICHARD T. WOULFE, ESQ.**, P.O. Drawer 03040, 888 E. Las Olas Blvd., Suite 400 Ft. Lauderdale, FL 33303-0340, this __19th__ day of May, 2000.

ICARD, MERRILL, CULLIS, TIMM,
 FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, Florida 34237
Telephone: (941) 366-8100
Attorneys for Plaintiff

By: _____
ROBERT E. MESSICK
Florida Bar #31477
JASON A. LESSINGER
Florida Bar #0091601

F:\USERS\CJB\CJBC\OAKLAND\HUD-FED CT\MEM-LAW.HUD