UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6147-CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as General Partner of OAKLAND PARK (FLORIDA) LIMITED PARTNERSHIP, an Ontario limited partnership; as limited partner of, and on behalf of OAKLAND LAKES, LTD., a Florida limited partnership,

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida limited partnership; WILLIAM O. BRISBEN; W.O. BRISBEN COMPANIES, INC.; and ROBERT E. SCHULER, as General Partners of OAKLAND LAKES, LTD.; THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT; and CONDOR ONE, INC., a Delaware corporation,

    Defendants.
_____/



## ORDER DENYING SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Secretary of Housing and Urban Development's Motion to Dismiss, filed April 10, 2000. (D.E. # 28.) Plaintiff has filed a Memorandum of Law in Opposition to the Motion. (D.E. # 36.) Having reviewed the

1



Motion, the Opposition and the record in this case, and having been otherwise advised in the premises, the Court finds as follows.

### I. Introduction

Plaintiff 813268 Ontario, Inc. ("Ontario") brings this limited partner derivative action pursuant to Fla. Stat. § 620.163, seeking declaratory relief to set aside a Provisional Workout Agreement (the "PWA"). Defendant Secretary of Housing and Urban Development ("HUD") and Oakland Lakes, Ltd. ("Oakland Lakes"), a Florida limited partnership in which Ontario was a limited partner,[1] entered into the PWA, effective February 1, 1995, after Oakland Lakes defaulted on one or more of its obligations under mortgage financing for the development, construction, ownership and operation of the Lakes of Casablanca apartment project (the "Project").

Oakland Lakes was formed for the primary purpose of ownership and development of an apartment complex in Oakland Park, Broward County, Florida. On October 5, 1989, Oakland Lakes obtained its initial mortgage financing for the Project from Cincinnati Mortgage, a corporation approved and insured by HUD under the National Housing Act, 12 U.S.C. § 1701 et seq. One week later, Cincinnati Mortgage delivered an assignment in blank of the mortgage and copies of all the loan documents (the "loan documents") to the Government National Mortgage Association ("GNMA"), an agency of HUD.

---

[1] Ontario brings this action (1) as general partner of Oakland Park (Florida) Limited Partnership and (2) as limited partner and on behalf of Oakland Lakes.

Immediately following completion of construction of the Project, Oakland Lakes defaulted on one or more of its obligations under the mortgage with Cincinnati Mortgage. On or about November 8, 1990, GNMA declared Cincinnati Mortgage to be in default of the guarantee agreement between GNMA and Cincinnati Mortgage, thereby assigning the mortgage to HUD and vesting ownership and administration of the mortgage in HUD. At the time of GNMA's declaration, Oakland Lakes' default had not been cured and continued to exist.

Although HUD had the right to accelerate the mortgage and demand payment of the balance of the mortgage, HUD elected to enter into workout negotiations with Defendant William O. Brisben, who holds a 5% ownership interest in Oakland Lakes as general partner, and a 30% or greater interest as limited partner of Oakland Lakes. At the time of the negotiations, Oakland Park,[2] an investor and limited partner in Oakland Lakes, notified Brisben that the consent and authorization of the other general and limited partners was required before Brisben could bind Oakland Park under the PWA, and that Oakland Park did not give such authorization.

Effective February 1, 1995, HUD and Brisben executed the PWA. On or about May 8, 1995, HUD attempted to assign all of its rights under the terms and provisions of the loan documents and the PWA to Defendant Condor One, Inc. ("Condor"). Oakland Park thereafter notified Brisben that he had entered into the PWA without authorization and

---

[2]Ontario is a general partner of Oakland Park.

tendered an offer to purchase Brisben's interest in Oakland Lakes. After Brisben refused the offer, Oakland Park initiated suit in the 17th Judicial Circuit, Broward County, Florida, to enforce the Amended Limited Partnership Agreement (the "State Court Action").[3]

In this action, Plaintiff alleges that the failure of HUD and Brisben to obtain the prior written consent and authority of the other general and limited partners of Oakland Lakes in entering into the PWA renders the PWA invalid and of no effect, and therefore, the terms and provisions of the original mortgage and loan documents continue to control the mortgage between Oakland Lakes and Cincinnati Mortgage, subsequently assigned to GNMA. Therefore, Plaintiff seeks judgment: (1) declaring the rights of the parties under the PWA; (2) declaring the PWA of no force and effect and reinstating the terms of the original mortgage and loan documents; (3) declaring the rights of the parties under the assignment from HUD to Condor; (4) declaring the assignment from HUD to Condor of no force and effect and reinstating the terms of the original mortgage and loan documents as being held by HUD; and (5) seeking damages against Defendants Brisben, W.O. Brisben Companies, Inc., and Robert E. Schuler as general partners of Oakland Lakes for breach of the duties of care and loyalty.

## II.   Analysis

In evaluating a motion to dismiss, a district court must view the complaint in the light

---

[3]The parties have not advised the Court of the current status of the State Court Action.

most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232 (1974). A complaint may not be dismissed for failure to state a cause of action "unless it appears beyond doubt that plaintiff can prove no set of facts in support of h[er] claim which would entitle him to relief." Bank v. Pitt, 928 F.2d 1108, 1111-12 (11th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Defendant HUD moves to dismiss the Complaint on the grounds that the Court lacks jurisdiction over HUD because there has been no applicable waiver of sovereign immunity, and therefore, Plaintiff has failed to state grounds for jurisdiction or a claim against HUD for which relief may be granted. (Def. Mot. at 1-2.) Waiver of sovereign immunity and federal subject matter jurisdiction are two distinct issues which the Court shall address separately. See J.C. Driskill Inc. v. Abdnor, 901 F.2d 383, 385 n.4 (4th Cir. 1990) ("Waiver of sovereign immunity is a jurisdictional prequisite in the nature of, but not the same as, subject matter jurisdiction in that unless sovereign immunity be waived, there may be no consideration of the subject matter."); Industrial Indemnity, Inc. v. Landrieu, 615 F.2d 644, 647 (5th Cir. 1980) (rejecting analysis of § 1702 that confused waiver of sovereign immunity and subject matter jurisdiction).[4]

### A. Waiver of Sovereign Immunity

Under the doctrine of sovereign immunity, the United States is immune from suit save

---

[4] In Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all cases decided by the former Fifth Circuit prior to October 1, 1981.

to the extent it consents to be sued. See Library of Congress v. Shaw, 478 U.S. 310, 315 (1986). Unless sovereign immunity has been waived or does not apply, the doctrine bars equitable as well as legal remedies against the United States. See Jaffee v. United States, 592 F.2d 712, 717 n.10 (3d Cir. 1979) (citing Malone v. Bowdoin, 369 U.S. 643 (1962)).

Plaintiff's Complaint alleges claims for declaratory relief against Defendant HUD arising out of the PWA and HUD's participation as a party thereto pursuant to HUD's authority to administer the National Housing Act ("NHA"), 12 U.S.C. § 1701 et seq. (Compl. ¶ 2.) In the NHA, Congress provided that

> [t]he Secretary shall, in carrying out the provisions of this subchapter, and subchapters II [Mortgage Insurance], III, IV, V [Miscellaneous], VI, VII, VII, IX-A, IX-B, and X of this chapter, be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

12 U.S.C. § 1702. The Eleventh Circuit has held that § 1702 waives HUD's immunity from suits for damages stemming from HUD's administration of the NHA. See Mann v. Pierce, 803 F.2d 1554, 1557 (11th Cir. 1986) (holding that § 1702 waived HUD's immunity from damages action arising out of maintenance and management of HUD owned properties insofar as such damages were payable from HUD's General Insurance Fund).

To date, the Eleventh Circuit has not directly addressed the extent to which Congress, in enacting § 1702, has waived HUD's immunity from actions seeking declaratory relief. At least one other district court, however, has interpreted § 1702 to waive HUD's immunity in a declaratory judgment action arising out of a contract with HUD made pursuant to the

NHA. See 133-24 Sanford Ave. Realty Corp. v. Cisneros, 940 F. Supp. 83, 85 n.2 (S.D.N.Y. 1996). In Sanford Ave., a mortgagor brought an action seeking a declaration that HUD had overstated the principal balance due on a mortgage, directing HUD to account for monies received on account of the mortgage, and declaring (1) that the mortgage was not in default and (2) that the mortgage should be recast in accordance with the terms of a related workout agreement. See id. at 84. In determining that federal law governed the mortgagor's claims, the court noted that § 1702 operated as a waiver of HUD's immunity from the lawsuit. See id. at 85 n.2.

As explained above, Plaintiff here seeks a declaration of the rights of the parties under the PWA, which HUD entered into in the course of its administration of the NHA. Therefore, the concern that a plaintiff not be permitted to recover money damages from the United States Treasury does not arise in this case. See Mann, 803 F.2d at 1557 (determining that HUD's immunity had been waived as to action for damages payable from HUD's General Insurance fund rather than U.S. Treasury); Industrial Indemnity, 615 F.2d at 646 (determining that action against HUD Secretary for damages would be recoverable from funds in possession and control of Secretary severed from Treasury funds and control). In addition, the Court finds that allowing Plaintiff to maintain this action is not inconsistent with the NHA's goals of providing decent housing and allaying the fears of lenders that would otherwise refrain from extending loans secured by NHA insurance if HUD could not be sued in the event of default. See Mann, 803 F.2d at 1557 (citing Korman v. Federal Housing

Administrator, 113 F.2d 743, 746 & n.15 (D.C. Cir. 1940) (discussing legislative history)). Therefore, the Court finds that § 1702 waives HUD's immunity from Plaintiff's claims for declaratory relief in this action. See Sanford Ave., 940 F. Supp. at 85.

### B.   Subject Matter Jurisdiction

Plaintiff has alleged that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises out of HUD's administration of the NHA. (Compl. ¶ 2.) Pursuant to the NHA, HUD has authority to enter into contracts related to the insurance of mortgages. See 12 U.S.C. § 1709 (authorizing Secretary to insure mortgages eligible under the NHA). Plaintiff has alleged that HUD's negotiation of and entry into the PWA was pursuant to HUD's ownership and administration of the insured mortgage. (Compl. ¶ 28.) The Court finds that this action arises out of a contract with HUD entered into pursuant to its authority to administer the NHA, and therefore is an action involving a federal question over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. See Industrial Indemnity, 615 F.2d at 647 (holding that district court had jurisdiction pursuant to § 1331 over action arising out of HUD's administration of insured mortgage under NHA); Sanford Ave., 940 F. Supp. at 85 n.2 (finding that federal law governed claims for declaratory relief arising out of contract with HUD pursuant to NHA).

### III.   Conclusion

The Court finds that 12 U.S.C. § 1702 waives HUD's immunity from Plaintiff's claims for declaratory relief in this action, and that the Court has subject matter jurisdiction

over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Secretary of Housing and Urban Development's Motion to Dismiss, filed April 10, 2000 (D.E. # 28) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this \_\_24\_\_ day of August, 2000.

```
                              JOAN A. LENARD
                              UNITED STATES DISTRICT JUDGE
```

cc: U.S. Magistrate Judge William C. Turnoff

Robert E. Messick, Esq.
Icard Merrill et al.
2033 Main Street, Suite 600
Sarasota, Florida 34237

William S. Spencer, Esq.
4601 Sheridan Street
Hollywood, Florida 33021

David W. Trench, Esq.
2500 First Union Financial Center
Miami, Florida 33131-2336

William C. Healy, AUSA
99 NE 4th Street, 3d Floor
Miami, Florida 33132-2111

Richard T. Woulfe, Esq.
P.O. Drawer 03040
888 East Las Olas Blvd., Suite 400
Fort Lauderdale, Florida 33303-0340

Case No. 00-6147-CIV-LENARD/TURNOFF