UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6147-CIV-LENARD/Turnoff

813268 ONTARIO, INC, AS GENERAL )
PARTNER OF OAKLAND PARK (FLORIDA) )
LIMITED PARTNERSHIP, AN ONTARIO )
LIMITED PARTNERSHIP OF AND ON )
BEHALF OF OAKLAND LAKES. LTD., )
A FLORIDA LIMITED PARTNERSHIP, )
)
    Plaintiff, )
)
v. )
)
)
THE SECRETARY OF HOUSING )
AND URBAN DEVELOPMENT, AND )
CONDOR ONE, INC., A DELAWARE )
CORPORATION, )
)
    Defendants. )
_____ )

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, the Secretary of Housing and Urban Development (hereinafter "HUD"), by and through the undesigned Assistant United States Attorney, files this Answer and Affirmative Defenses to the plaintiff's Complaint, and states as follows:

### FIRST DEFENSE

1. HUD admits that the complaint purports to be an action as described in paragraph 1 of the complaint.

    2. Deny.

    3. Deny.

    4. This paragraph is a legal conclusion to which no

answer is required except to aver that HUD is an agency of the United States.

    5.    Admit.

    6.    Admit the allegations in this paragraph except that Defendant is without sufficient information to either admit or deny why Defendant Oakland Lakes was formed.

    7.    Defendant is without sufficient information to either admit or deny the allegation in this paragraph except that Defendant Oakland Lakes is the owner of the apartment complex described in paragraph seven.

    8.    Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

    9.    Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

    10.    Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

    11.    Admit.

    12.    Defendant admits that Condor One is a Delaware Corporation to which HUD assigned the mortgage.

    13.    Admit.

    14.    Admit.

    15.    Admit.

    16.    Admit.

    17.    Admit.

18. Admit that the Note and Mortgage were created as part of a loan transaction with Defendant Oakland Lakes as borrower but denies that the Limited Partnership Agreement including resolutions of all general and limited partners authorizing the insured loan is a loan document as that term is defined in the mortgage.

19. Admit but denies that the loan documents included the Limited Partnership Agreement.

20. Admit but denies that the loan documents included the Limited Partnership Agreement.

21. Admit.

22. Admit but denies that the loan documents included the Limited Partnership Agreement.

23. Admit that Exhibit C of the complaint purports to be the Second Amended Limited Partnership Agreement.

24. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

25. Admit but denies that the loan documents included the Second Limited Partnership Agreement.

26. Admit but denies that the loan documents included the Second Limited Partnership Agreement.

27. Admit.

28. Deny except to admit HUD entered into settlement negotiations with Brisben.

29. Admit.

30. Deny.

31. Defendant is without sufficient information to either admit or deny the allegation in this paragraph but denies that Brisben was without authority to enter into the Workout Arrangement.

32. Admit that HUD assigned the note.

33. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

34. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

35. Admit that Exhibit F which is attached to the complaint purports to be a letter dated April 29, 1999 from Robert E. Messick to William O. Brisben.

36. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

37. Defendant is without sufficient information to either admit or deny the remaining allegations in this paragraph.

38. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

39. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

40. Admit except to deny that William O. Brisben entered into an unauthorized Workout Arrangement.

41. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

42. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

43. Deny.

44. See defendant's answers to paragraphs 1 to 43 above.

45. Deny.

46. Deny.

47. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

48. See defendant's answers to paragraphs 1 to 43 above.

49. Admits that Plaintiff restates some of the provisions contained in the assignment which is attached to the complaint as Exhibit E but that the full language of the assignment is contained in Exhibit E.

50. Deny.

51. Admit that the assignment, a copy of which is attached to the complaint as Exhibit E, contemplated the assignment of the Note and Mortgage and other documents.

52. Deny.

53. Deny.

54. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

55. See defendant's answers to paragraphs 1 to 43 above.

56. Admit.

57. Deny.

58. Admit that HUD assigned its interest in the Note and Mortgage and other documents described in the assignment to Condor One but denies that the assignment was a violation of the terms of the Provisional Workout Arrangement.

59. Deny.

60. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

61. Admit.

62. See defendant's answers to paragraphs 1 to 43 above.

63. This paragraph is a legal conclusion to which no answer is required.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

69. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

70. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

71. Defendant is without sufficient information to either

admit or deny the allegation in this paragraph.

72. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

73. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

74. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

75. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

76. Defendant is without sufficient information to either admit or deny the allegation in this paragraph.

77. Deny.

78. Except as expressly admitted above, Defendant denies each and every allegation in the complaint

## AFFIRMATIVE DEFENSES

### First Defense

79. HUD alleges that Plaintiff's claims against HUD are barred by the doctrine of estoppel. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. Had HUD known that Brisben allegedly was without authority to enter into the PWA, it would not have executed the PWA.

### Second Defense

80. HUD alleges that Plaintiff's claims against HUD are barred by the doctrine of waiver. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time and thereby waived its rights to contest the validity of the Provisional Workout Arrangement.

### Third Defense

81. HUD alleges that Plaintiff's claims against HUD are barred by Plaintiff's inequitable conduct. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. It is inequitable for Plaintiff to seek to avoid the Provisional Workout Arrangement's obligations after accepting its full benefits.

### Fourth Defense

82. HUD alleges that Plaintiff has no standing or right to challenge HUD's assignment of the Note and Mortgage and other loan documents to Condor One. HUD sold the Note and Mortgage and other loan documents pursuant to its authority to do so under federal statutes and regulations. Borrowers, including

Plaintiff, have no standing under such federal statutes or regulations to challenge any such a sale.

### Fifth Defense

83.  HUD asserts that Plaintiff's claims against HUD are barred by the fact that the Provisional Workout Agreement was executed by a general partner of Oakland Lakes who acted with apparent authority to execute such document.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ William C. Healy
WILLIAM C. HEALY
Assistant United States Attorney
Florida Bar No. 0848395
99 N.E. 4th Street
Miami, Florida 33132
TEL: (305) 961-9438
FAX: (305) 530-7139

Of Counsel
Jud E. McNatt
Trial Attorney
U.S. Department of Housing
and Urban Development
40 Marietta Street
Atlanta, GA 30303-2806

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 25th day of October, 2000, to David W. Trench, Esq., Bilzin Sumberg Dunn Price & Axelrod, L.L.P., 2500 First Union Financial Center 200 South Biscayne Boulevard, Miami, Florida 33131; Richard T. Woulfe, Esq., Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., P.O. Drawer 030340, 888 Las Olas Boulevard, Suite 400, Ft. Lauderdale, Florida 33303-0304; Robert E. Messick, Esq., Icard, Merrill, Cullis, Timm, Furen & Ginsberg, P.A. 2033 Main Street, Suite 600, Sarasota, Florida 34237 and William S. Spencer, Esq., Ellis Spencer & Butler, 4601 Sheridan Blvd., Hollywood, Florida 33021.

WILLIAM C. HEALY
Assistant U.S. Attorney