UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.00-6147-CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;
        Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,
        Defendants.
_____/



### PLAINTIFF'S MOTION TO AMEND
### ITS COMPLAINT TO ASSERT ADDITIONAL
### CLAIMS AGAINST DEFENDANTS CONDOR ONE, INC.
### AND THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT

Plaintiff, 813268 ONTARIO, INC., as general partner of OAKLAND PARK (FLORIDA) LIMITED PARTNERSHIP, an Ontario limited partnership, as limited partner of, and on behalf of OAKLAND LAKES, LTD., a Florida Limited Partnership, by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 15(a) and Rule 15.1 of the Local Rules of the United States District Court for the Southern District of Florida, moves to amend its complaint in this cause, and as grounds therefor, would show:

    1.    Plaintiff originally brought a limited partner's derivative action on behalf of Oakland Lakes, Ltd, a Florida Limited Partnership, seeking declaratory relief against Condor One, Inc. ("Condor") and the Secretary of Housing and Urban Development ("HUD"), and also seeking

damages against William O. Brisben, W.O. Brisben Companies, Inc. and Robert E. Schuler, as general partners of Oakland Lakes (the "Former General Partners").

2. Prior to the filing of this action, Plaintiff was in state court litigation with the Former General Partners in an effort to enforce the terms and provisions of the Limited Partnership Agreement, as amended, between Plaintiff and the Former General Partners.

3. Since the filing of the original complaint in this Federal Court action, Plaintiff and the former General Partners have settled the state court litigation, and as a result, the former General Partners have been replaced by Oakland Park G.P. Corporation, as the new General Partner of Oakland Lakes.

4. The Former General Partners, pursuant to the state court settlement, were also dismissed from this litigation as well, pursuant to this Court's order dated August 31, 2000.

5. Also since the filing of the original complaint, Plaintiff has become aware of additional causes of action against HUD and Condor, as more particularly described in the proposed amended complaint attached hereto as Exhibit "A."

6. Federal Rule of Civil Procedure 15 states that leave of Court to amend a pleading shall be freely given when justice so requires.

7. Justice requires that Plaintiff be allowed to assert its additional claims to ensure that all of Plaintiff's potential causes of action are brought in the same action, thereby conserving judicial resources and avoiding prejudice to Plaintiff's rights.

8. No party will be prejudiced if the Court grants Plaintiff's motion to amend at this stage in the proceeding.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's motion to amend its complaint, and for any other relief the Court deems necessary and proper.

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF"S MOTION TO AMEND ITS COMPLAINT

Plaintiff filed its original complaint in this action on or about January 31, 2000. Since that time, as discussed in the Motion To Amend, Plaintiff has settled its claims against some of the defendants herein, and a new general partner has taken over the operations of Oakland Lakes. Plaintiff has also become aware of additional facts which support additional damage claims against both Condor and HUD. This Court entered its Order Adopting Joint Scheduling Report, Setting pretrial Conference and Trial, Establishing Pretrial and Trial Procedures and Establishing Pretrial Deadlines on May 5, 2000. The Order reflects a date of November 1, 2000 as a target date by which any motions to amend shall be served in this action. Plaintiff's motion to amend is within this time limit. In addition, HUD just served its answer to the complaint on October 25, 2000. Accordingly, no prejudice will result in allowing Plaintiff to amend its complaint at this time. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15. Moreover the rule allowing amendment should be heeded so long as the movant has not acted with undue delay, bad faith or dilatory motive. International Ship Repair v. St. Paul Fire and Marine Ins. Co., 944 F.Supp 887 (M.D. Fla. 1996). Justice requires that Plaintiff be given leave to amend its complaint, and no legal justification exists for denial of the motion. Accordingly, Plaintiff would respectfully request that this Court grant its Motion to Amend.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: **DAVID W. TRENCH, ESQ.**, 2500 First Union Financial Center, Miami, FL 33131-2336, **WILLIAM C. HEALY, ESQ.**, 99 N.E. 4th Street, Third Floor/civil Division, Miami, FL 33132-2111, and **RICHARD T. WOULFE, ESQ.**, P.O. Drawer 03040, 888 E. Las Olas Blvd., Suite 400 Ft. Lauderdale, FL 33303-0340, this ___day of November, 2000.

ICARD, MERRILL, CULLIS, TIMM,
 FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, Florida  34237
Telephone: (941) 366-8100
Attorneys for Plaintiff

By: _____
ROBERT E. MESSICK
Florida Bar #31477

F:\USERS\CJB\CJBC\OAKLAND\HUD-FED.CT\JAL-AMD.WPD