UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6147 CIV-LENARD
Magistrate Turnoff

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;

    Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

    Defendants.
_____/



## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Condor One, Inc., a Delaware corporation, by and through undersigned counsel, files this its answer and affirmative defenses to the amended complaint and alleges:

\72655\13375\#324144 v1
11/30/00



BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP
2500 FIRST UNION FINANCIAL CENTER • MIAMI, FLORIDA 33131-2336

## ANSWER

1. Condor One denies the allegations in paragraph 1 of the amended complaint.

2. Condor One admits the allegations in paragraph 2.

3. Condor One admits the allegations in paragraph 3.

4. In answer to paragraph 3, Condor One admits that it is a corporation organized and existing under the laws of the State of Delaware, but is without knowledge as to the truth or falsity of the remaining allegations in paragraph 4.

5. Condor One admits the allegations in paragraph 5.

6. Condor One is without knowledge as to the truth or falsity of the allegations contained in paragraph 6.

7. In answer to paragraph 7, Condor One admits that Defendant Oakland Lakes is the owner of the apartment complex described in paragraph 7.

8. Condor One admits the allegations in paragraph 8.

9. In answer to paragraph 9, Condor One admits that it is a Delaware corporation to which HUD assigned the mortgage and other documents described in the assignment, a copy of which is attached to the complaint as Exhibit "E."

10. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 10.

11. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 11.

BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP
2500 FIRST UNION FINANCIAL CENTER • MIAMI, FLORIDA 33131-2336

12. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 12.

13. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 13.

14. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 14.

15. In answer to paragraph 15, Condor One admits that the Note and Mortgage, as those terms are defined in the complaint, were created as part of a loan transaction with Defendant Oakland Lakes as borrower, but is without knowledge as to the truth or falsity of the remaining allegations.

16. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 16.

17. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 17.

18. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 18.

19. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 19 except that Condor One denies that the Limited Partnership Agreement is a loan document as that term is defined in the Mortgage.

20. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 20.

21. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 21.

22. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 22.

23. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 23.

24. In answer to paragraph 24, Condor One admits that Oakland Lakes defaulted in one or more of its obligations under the Loan Documents as that term is defined in the complaint, but is without knowledge as to the time or duration of such default or defaults.

25. In answer to paragraph 25, Condor One admits that HUD entered into negotiations which resulted in the execution of the Provisional Workout Arrangement, a copy of which is attached to the complaint as Exhibit "D."

26. In answer to paragraph 26, Condor One admits that HUD and William O. Brisben, as General Partner of Oakland Lakes, executed the Provisional Workout Arrangement, a copy of which is attached as Exhibit "D" to the complaint.

27. Condor One denies the allegations in paragraph 27.

28. In answer to paragraph 28, Condor One is without knowledge of whether HUD had copies of all of the Loan Documents, as that term is defined in the complaint, and denies the remaining allegations in paragraph 28.

29. In answer to paragraph 29, Condor One admits that HUD assigned the Note and Mortgage and other documents described in the assignment from HUD to Condor One, a copy of

which is attached as Exhibit "E" to the complaint.

30. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 30.

31. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 31.

32. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 32.

33. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 33.

34. In answer to paragraph 34, Condor One admits that a suit involving Defendant Oakland Park is pending in the Circuit Court for the Seventeenth Judicial Circuit of Broward County, Florida, but is without knowledge of the remaining allegations.

35. In answer to paragraph 35, Condor One admits that a motion to appoint a receiver was filed in the State Court Action, but is without knowledge of the remaining allegations.

36. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 36.

37. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 37.

38. Condor One admits the allegations in paragraph 38.

39. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 39.

40. Condor One denies the allegations in paragraph 40.

41. Condor One denies the allegations in paragraph 41.

42. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 42.

43. In answer to paragraph 44, Condor One realleges its answers to paragraph 1 through 42 of the amended complaint.

44. Condor One denies the allegations in paragraph 44.

45. Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 45.

46. Condor One denies the allegations in paragraph 46.

47. In answer to paragraph 47, Condor One realleges its answers to paragraphs 1 through 42 of the amended complaint.

48. In answer to paragraph 48, Condor One admits that Plaintiff restates an excerpt of the provisions contained in the assignment attached as Exhibit "E" to the complaint and further states that the full and complete language of the assignment is set forth in Exhibit "E."

49. Condor One denies the allegations in paragraph 49.

50. In answer to paragraph 50, Condor One admits that the assignment, a copy of which is attached to the complaint as Exhibit "E," contemplated the assignment of the Note and Mortgage and other documents as more specifically set forth in Exhibit "E."

51. Condor One denies the allegations in paragraph 51.

52. Condor One is without knowledge as to the truth or falsity of the allegations in

paragraph 52.

53.  Condor One denies the allegations in paragraph 53.

54.  In answer to paragraph 54, Condor One realleges its answers to paragraphs 1 through 42 of the amended complaint.

55.  Condor One admits that paragraph 55 accurately quotes a portion of the preamble of the Provisional Workout Arrangement, a copy of which is attached as Exhibit "D" to the complaint.

56.  Condor One denies the allegations in paragraph 56.

57.  In answer to paragraph 57, Condor One admits that HUD assigned its interest in the Note and Mortgage and other documents described in the assignment from HUD to Condor One, but denies that such assignment is a violation of the terms of the Provisional Workout Arrangement.

58.  Condor One is without knowledge as to the truth or falsity of the allegations in paragraph 58.

59.  Condor One denies the allegations in paragraph 59.

60.  Condor One denies the allegations in paragraph 60.

61.  In answer to paragraph 61, Condor One realleges its answers to paragraphs 1 through 42 of the amended complaint.

62.  In answer to paragraph 62, Condor One admits that Oakland Lakes agreed in paragraph 8 of the Provisional Workout Agreement escrow in the sum of $6,560.84 monthly to the reserve for replacement account as more specifically set forth in paragraph 8 of the Provisional Workout Agreement.

63.  Condor One is without knowledge as to the truth or falsity of the allegations in

paragraph 63.

64. Condor One is without knowledge as to the truth or falsity of the allegations of paragraph 64.

65. Condor One denies the allegations in paragraph 65.

66. In answer to paragraph 66, Condor One admits that HUD's assignment to Condor One excluded the Regulatory Agreement referenced in the Mortgage.

67. Condor One denies the allegations contained in paragraph 67.

68. Condor One denies the allegations contained in paragraph 68.

69. In answer to paragraph 69, Condor One admits that it permitted the use of reserve account funds for purposes relating to the Property as requested by the mortgagor, but denies the remaining allegations in paragraph 69.

70. In answer to paragraph 70, Condor One admits that it did not consult with HUD when it permitted the borrower use of reserve account funds.

71. Condor One denies the allegations in paragraph 71.

72. Condor One denies the allegations contained in paragraph 72.

73. Condor One denies the allegations contained in paragraph 73.

74. Except as expressly admitted above, Condor One denies each and every allegation in the complaint.

## AFFIRMATIVE DEFENSES

75. For and as its first affirmative defense, Condor One alleges that Plaintiff does not have standing or authority to bring this action on behalf of Oakland Lakes as a derivative action

because the predicate for such an action does not exist. Specifically, the general partners of Oakland Lakes with authority to bring this action have not refused to do so. In fact, as alleged in paragraph 37 of Plaintiff's amended complaint, the current general partner of Oakland Lakes consents to and supports this action.

76. For and as its second affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for declaratory relief are barred by the statute of limitations. Specifically, the Provisional Workout Arrangement, which is the subject of Plaintiff's claims against Condor One, was executed by Oakland Lakes on December 22, 1994 and by HUD on January 5, 1995. Plaintiff's complaint was filed on January 31, 2000, more than five years after the Provisional Workout Arrangement was executed and delivered.

77. For and as its third affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for declaratory relief are barred by the doctrine of estoppel. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. Condor One relied to its detriment upon the lack of any objection in its purchase of the Note and Mortgage and other loan documents and in its administration of the loan.

78. For and as its fourth affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for declaratory relief are barred by the doctrine of waiver. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. Plaintiff waived its rights to contest the validity of the Provisional Workout Arrangement.

79. For and as its fifth affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for declaratory relief are barred by Plaintiff's inequitable conduct. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the execution of the Provisional Workout Arrangement and accepted its benefits without objection for a substantial period of time. It is inequitable for Plaintiff to seek to avoid the Provisional Workout Arrangement's obligations after accepting its full benefits.

80. For and as its sixth affirmative defense, Condor One alleges that Plaintiff has no standing or right to challenge HUD's assignment of the Note and Mortgage and other loan documents to Condor One. HUD sold the Note and Mortgage and other loan documents pursuant to its authority to do so under federal statutes and regulations. Borrowers, including Plaintiff, have no standing under such federal statutes or regulations to challenge any such a sale.

81. For and as its seventh affirmative defense, Condor One asserts that Plaintiff's claims against Condor One for declaratory relief are barred by the fact that the Provisional Workout Agreement was executed by a general partner of Oakland Lakes who acted with apparent authority to execute such document.

82. For and as its eighth affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for breach of contract are barred by the fact that the Regulatory Agreement was no longer in effect when the Note and Mortgage and other loan documents were assigned to Condor One. The Regulatory Agreement was expressly released by HUD and the terms of the Regulatory Agreement itself provide that it continues in effect for "so long as the contract of coinsurance remains in force." That contract no longer remained in force when HUD assigned the Note and

Mortgage and other loan documents to Condor One.

83.    For and as its ninth affirmative defense, Condor One asserts that Plaintiff's claims against Condor One for breach of contract are barred by the fact that the Regulatory Agreement provided rights and remedies for the benefit of HUD but did not provide a remedy to Oakland Lakes for HUD's non-compliance with the Regulatory Agreement.

84.    For and as its tenth affirmative defense, Condor One asserts that Plaintiff's claims against Condor One for breach of contract are barred by the fact that the Regulatory Agreement is not a modification of the loan documents and does not bind or in any way effect Condor One nor create any rights in Oakland Lakes against Condor One.

85.    For and as its eleventh affirmative defense, Condor One asserts that Plaintiff's claims against Condor One for breach of contract are barred by the doctrine of waiver. Specifically, funds removed from the reserve account were removed at the request of Oakland Lakes and used by it for purposes relating to the Property.

86.    For and as its twelfth affirmative defense, Condor One alleges that Plaintiff's claims against Condor One for breach of contract are barred by Plaintiff's inequitable conduct. Specifically, Plaintiff had full knowledge of the circumstances leading to and surrounding the use by Oakland Lakes of the reserve account funds and accepted the benefit of such use without objection for a substantial period of time. It is inequitable for plaintiff to seek to hold Condor One responsible for the mortgagor's alleged misuse of reserve account funds.

87.    For and as its thirteenth affirmative defense, Condor One asserts that the damages alleged to be suffered by Plaintiff in its claims against Condor One for breach of contract are a

function of Oakland Lakes' alleged failure to maintain the Property and any such damages due to the actions of Oakland Lakes and not the actions of Condor One.

## COUNTERCLAIM

This Answer and Affirmative Defenses to Amended Complaint does not affect in any way the Counterclaim of Defendant/Counter-Plaintiff Condor One, Inc. served on March 13, 2000 which Counterclaim remains pending.

Respectfully submitted,

**BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP**
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: _____
David W. Trench
Florida Bar No. 202975

\72655\13375\#324144 v1
11/30/00

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished via U.S. Mail on this 1st day of December, 2000 to: Richard T. Woulfe, Esq., Co-Counsel for Plaintiff, Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., P.O. Drawer 030340, 888 E. Las Olas Boulevard, Suite 400, Ft. Lauderdale, Florida 33303-0340; Robert E. Messick, Esq., Co-Counsel for Plaintiff, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237; and William S. Spencer, Esq., Ellis, Spencer & Butler, 4601 Sheridan, Hollywood, Florida 33021.

_____
David W. Trench