UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.00-6147-CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;
        Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,
        Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO HUD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, 813268 ONTARIO, INC., as general partner of OAKLAND PARK (FLORIDA) LIMITED PARTNERSHIP, an Ontario limited partnership, as limited partner of, and on behalf of OAKLAND LAKES, LTD., a Florida Limited Partnership, by and through its undersigned attorneys, files its Memorandum of Law in Opposition to the Secretary of United States Department of Housing and Urban Development's ("HUD") motion to dismiss Plaintiff's Amended Complaint and states:

I.  **INTRODUCTION**

Plaintiff, as a limited partner of Oakland Lakes Ltd. ("Oakland Lakes"), brought a Limited Partner's derivative action on behalf of Oakland Lakes.  Plaintiff brought suit, for purposes of HUD's motion to dismiss, due to the actions of the now former general partner of Oakland Lakes, Defendant William O. Brisben ("Brisben"), in entering into a Provisional Workout Arrangement (PWA) effective February 1, 1995, with HUD after the original Note and Mortgage delivered by Oakland Lakes, dated October 5, 1989, then owned and held by HUD had gone into default.  In its Amended Complaint, on behalf of Oakland Lakes, Plaintiff contends that Brisben did not have Plaintiff's authority to enter into the PWA, which authority was required under the terms of the Oakland Lakes Ltd. Second Amended and Restated Agreement of Limited Partnership dated June 29, 1990, ("The Limited Partnership Agreement") between Oakland Park (Florida) Limited Partnership and Brisben, and of which HUD was then aware.

Plaintiff also contends in the Amended Complaint that the PWA required HUD to continue to hold the Note and Mortgage, and that HUD violated the express terms of the PWA by assigning it immediately to Condor One, Inc. ("Condor").  Plaintiff seeks declaratory relief in the Amended Complaint against HUD, in the nature of a ruling construing the rights and responsibilities of the parties under the PWA, and the Note and Mortgage. Plaintiff has also joined HUD as a defendant in the Amended Complaint and the purported assignee of the Note, Mortgage and PWA, Condor, alleging damages arising out of HUD's and Condor's breaches of the Loan Documents and Regulatory Agreement for Multifamily Housing Projects coinsured by HUD dated October 5, 1989 (the "Regulatory Agreement") concerning the property secured by the Mortgage

As previously alleged in Plaintiff's motion to amend the complaint filed in this proceeding, Plaintiff originally initiated a limited partner's derivative action on behalf of Oakland Lakes, seeking declaratory relief against Condor and HUD, and also seeking damages against Brisben, W.O. Brisben Companies, Inc. and Robert E. Schuler, as general partners of Oakland Lakes

(collectively the "Former General Partners"). Prior to the filing of this action, Plaintiff filed a state court complaint against the Former General Partners, in Circuit Court for the Seventeenth Judicial Circuit in Broward County, Florida, in case number 99-10831(13) (the "State Court Litigation") in an effort to enforce the terms and provisions of the Limited Partnership Agreement. Since the filing of the original complaint in this proceeding, Plaintiff and the Former General Partners resolved and settled the State Court Litigation, and as a result, the Former General Partners have resigned and Oakland Park G.P. Corporation, has been substituted as the new General Partner of Oakland Lakes. The Former General Partners, pursuant to the State Court Litigation settlement, were also dismissed from this proceeding, pursuant to this Court's order dated August 31, 2000.

In the original complaint filed in this proceeding, Plaintiff alleged, in paragraph 39 of the complaint, that as a result of the State Court Litigation between Plaintiff and the Former General Partners, any further efforts made by Plaintiff to secure initiation of this action by the partnership would have been unsuccessful, due to the fact that Brisben, as general partner of Oakland Lakes, and who executed the PWA on behalf of Oakland Lakes, remained adverse to Plaintiff in the State Court Litigation. As a direct result Plaintiff's settlement of the State Court Litigation with the Former General Partners, resulting in the dismissal of the Former General Partners from this action, the relationship between Plaintiff and Oakland Park G. P. Corporation, the new general partner of Oakland Lakes, Ltd. is no longer adverse. This fact is a primary basis for the amendment of the complaint. HUD has once again moved the Court to dismiss this action, claiming in its Motion to Dismiss the Amended Complaint that Plaintiff cannot comply with Fla. Stat. §620.165, because Plaintiff no longer alleges that the general partner of Oakland Lakes is adverse to Plaintiff, and because Oakland Park G.P. Corporation, having become the new the partner of Oakland Lakes, supports this action. In addition, HUD claims that Plaintiff has failed to state a claim for which relief can be granted because the terms of the Note, Mortgage and

Limited Partnership Agreement directly contradict the allegations of the Amended Complaint. HUD also claims in its Motion to Dismiss that Count III of the Amended Complaint fails to state a cause of action because the terms of the PWA directly conflict with the allegations of the Amended Complaint. Finally, HUD claims Count IV of the Amended Complaint fails to state a cause of action because the Regulatory Agreement expired. As further set forth below, all of HUD's claims in its Motion to Dismiss are erroneous, and the Amended Complaint should be permitted by the Court.

## II.   ARGUMENT

### A.   PLAINTIFF'S AMENDED COMPLAINT DOES NOT FAIL TO STATE A CAUSE OF ACTION SIMPLY BECAUSE PLAINTIFF SETTLED SOME OF ITS ORIGINAL CLAIMS AGAINST THE FORMER GENERAL PARTNERS

HUD, in its Motion to Dismiss, properly points out Oakland Lakes is an indispensable party in the limited partnership derivative action, filed by Plaintiff in this proceeding. What HUD fails to allege in its Motion to Dismiss is that the law also contemplates that in such partnership derivative actions, the partnership is initially named as a Defendant only to ensure its appearance as an indispensable party to such proceeding. Liddy v. Urbanek, 707 F.2d 1222 (11th Cir. 1983). The partnership may, however, be realigned as a Plaintiff according to its real interests. Id. The partnership would remain a Defendant in the derivative action when its general partner is antagonistic to the Plaintiff limited partner. Id. If, however, the general partner supports the action, the limited partnership should then be realigned as a Plaintiff. In this proceeding, as evidenced by the original complaint filed in this action and the then pending State Court Litigation between Plaintiff and the Former General Partners, it is clear that Oakland Lakes was originally adverse to Plaintiff in this action and properly named as a Defendant. As a result of the settlement, however, it may now very well be necessary to realign the limited partnership as a Plaintiff in this action, as contemplated by the Liddy court. Such subsequent factual

-4-

circumstances, however, do not as a matter of law, result in a lack of standing and should not result in a dismissal for failure to state a cause of action.

### B. PLAINTIFF HAS PROPERLY STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN SEEKING DECLARATORY RELIEF IN RELATION TO THE NOTE, MORTGAGE AND PROVISIONAL WORKOUT ARRANGEMENT

HUD has also moved the Court to dismiss Counts I, II and III of the Amended Complaint. These counts of the Amended Complaint, however, are identical to those counts raised in the original complaint, to which HUD has already filed an answer. That being the case, HUD has waived its right to claim Counts I through III of the Amended Complaint fail to state a cause of action. The fact that Plaintiff has amended its complaint to reflect a change in the general partner of Oakland Lakes, and also to add an additional count for damages against HUD and Condor, should not provide HUD a second opportunity to challenge Counts I through III.

HUD, in its Motion to Dismiss, alleges at great length to this Court what it considers to be the effective provisions of Note, Mortgage and Limited Partnership Agreement which support its Motion to Dismiss. HUD fails, however, to acknowledge the one critically important provision in the Limited Partnership Agreement which underpins Plaintiff's Amended Complaint and which defeats the basis for HUD's Motion to Dismiss. Plaintiff has alleged that the former general partner of Oakland Lakes lacked authority to enter into the PWA without the prior written consent of certain of the other partners, both limited and general, of Oakland Lakes. (Amended Complaint, paragraph 27). Furthermore, Plaintiff alleges that HUD had copies of all of the loan documents and knew or should have known that Brisben was acting in his capacity as general partner of Oakland Lakes, and further knew or should have known that he did not have authority as general partner of Oakland Lakes to enter into the arrangement. (Paragraph 28).

As this Court previously noted in its order dated August 24, 2000, denying HUD's first Motion to Dismiss, the Court, on considering a Motion to Dismiss, should view the complaint in the

light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). The complaint (as well as the Amended Complaint) should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the Plaintiff could prove no set of facts in support of its claim. Bank v. Pitt, 928 F.2d 1108, 111-12 (11th Cir. 1991) (Citiny Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

HUD in its Motion to Dismiss the Amended Complaint, attempts to demonstrate that Brisben, as general partner of Oakland Lakes, was authorized to conduct business on behalf of Oakland Lakes, insisting he was therefore authorized to enter into the PWA. HUD requests this Court to rely on the language of the Amended Limited Partnership Agreement as a basis to dismiss Plaintiff's complaint for failure to state a cause of action, because it specifically states financial institutions could rely on the execution of documents of such general partners. In fact, in paragraph 21 of its motion, HUD cites paragraph 3.2 of the Limited Partnership Agreement, as support that Brisben as general partner had necessary power to enter into the PWA. HUD fails, however, to include all of the language of Section 3.2. The complete applicable provision of the Limited Partnership Agreement is as follows:

> The General Partners shall have all necessary powers to carry out the purposes, business and objectives referred to in Section 1.3, and shall possess and enjoy all the rights and powers of partners of a partnership without limited partners except as otherwise provided by Florida law and by this agreement; <u>Provided, however, that the express written consent of the Investor Limited Partner, expressed by special resolution, but not the consent of any other limited partners, shall be required</u> before the general partners may (a) sell or exchange substantially all the assets of the partnership or (b) refinance any mortgage indebtedness which is a lien and encumbers on the project for an amount in excess of the aggregate amount of the mortgage loan, the capital contributions of the partners (including the contributed equity), any outstanding optional deficiency loans and optional L.P. deficiency loans, any outstanding preferred return and any outstanding cumulative priority return, the general partners having the right to consummate any financing for a lessor amount without obtaining any consent from any limited partner (including the investor limited partner). Unless otherwise provided in this agreement, the consent of the general partnership be required to approve any matter with respect to which limited partners have any right of consent and/or approval hereunder.
>
> (Emphasis added)

HUD certainly cannot ask this Court to dismiss Plaintiff's claim based on language in the Amended Limited Partnership Agreement which may be argued by HUD to provide protection to HUD and other lenders, while at the same time the Limited Partnership Agreement specifically provides that the written approval of the investor limited partner was required. This is the precise basis for which this action seeking declaratory relief has been brought, and why this Court must decide the rights and responsibilities of the parties in light of all of the language of the Amended Limited Partnership Agreement.

### C. HUD'S ARGUMENT THAT COUNT III SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION RAISES AN IMPROPER BASIS FOR CONSIDERATION ON A MOTION TO DISMISS

Plaintiff has alleged in Count III that pursuant to the terms of the PWA, HUD was required to hold the Note and Mortgage, as modified by the PWA. HUD, in its motion to dismiss, claims that the PWA does not require HUD to hold the PWA. Language exists in the PWA to support Plaintiff's allegations. Accordingly, Count III should withstand HUD's Motion to Dismiss. While it may be possible for the Court to rule on this matter at summary judgment, the Court, at that time, will need to consider, at a minimum, the language of the PWA, and also the public policy concerns regarding HUD's obligations to act in furtherance of the National Housing Act, and whether such concerns, in light of the language contained in the PWA, require a finding that HUD was required to hold the PWA. Such matters are not proper, and should not be considered by the Court, on a motion to dismiss.

### D. **HUD'S ARGUMENT THAT COUNT III SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION RAISES DISPUTED FACTS BEYOND THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT WHICH MAY NOT BE CONSIDERED ON A MOTION TO DISMISS**

Plaintiff, in Count IV, alleges violations by both HUD and Condor of the terms of the PWA, based on failures by HUD and Condor to adequately maintain a "Reserve for Replacement Account" (the "Reserve Account") originally required by the Regulatory Agreement (See Amended Complaint Paragraph 63), attached as Exhibit 1 to the Amended Complaint, and incorporated herein. Notwithstanding the fact that the PWA references the Reserve Account, HUD claims this Court should dismiss Count IV because the Regulatory agreement expired prior to the time HUD assigned the loan to Condor. Based on the documents attached to the Amended Complaint, whether HUD and Condor had to maintain the Reserve Account is a disputed question of fact which goes beyond Plaintiff's complaint, and goes beyond the terms of the Regulatory Agreement.

HUD, in its Motion to Dismiss, suggests that when HUD took over the loan, the Regulatory Agreement ceased to be enforceable. If this were so, there would have been no reason for HUD to specifically exclude the Regulatory Agreement from the Assignment to Condor. On the face of the purported assignment, it is obvious that HUD still considered the Regulatory Agreement in effect. Furthermore, if it were not, HUD would have no basis under the PWA to require payments to a Reserve Account established by the Regulatory Agreement. Moreover, even if the Regulatory Agreement did expire as alleged by HUD, the fact that the PWA requires payments to the Reserve Account provides an independent basis for Count IV, and Plaintiff has alleged that HUD's failure to maintain control over the Reserve Account is a breach of the PWA and the Loan Documents. At a minimum, HUD's argument in relation to Count IV raises factual issues as to when and if the Regulatory Agreement expired, which certainly cannot be addressed by the Court on a Motion to Dismiss.

## **CONCLUSION**

HUD's Motion to Dismiss Plaintiff's Amended complaint should be denied because the fact that Plaintiff has settled with the Former General Partners in both the State Court Litigation and this proceeding does not deprive Plaintiff of standing under the Amended Complaint. At most, it requires a realignment of Oakland Lakes, Ltd. from Defendant to Plaintiff. Furthermore, the allegations of the Amended Complaint, when taken in the light most favorable to Plaintiff, state a claim upon which relief could be granted based upon the blatant ambiguities in the terms and provisions which exist in the Amended Limited Partnership Agreement. Plaintiff is entitled to a judicial determination of the rights of Plaintiff, and whether HUD knew or should have known that Brisben's execution of the PWA, as general partner of Oakland Lakes, was undertaken without the requisite authority. Finally, as to Counts III and IV, HUD's motion to dismiss raises factual and legal issues well beyond the allegations of the Amended Complaint, which cannot be properly considered by the Court on a Motion to Dismiss. Alternatively, in the event the Court grants HUD's Motion to Dismiss, such relief should be without prejudice to Plaintiff's ability to file a second amended complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: **DAVID W. TRENCH, ESQ.**, 2500 First Union Financial Center, Miami, FL 33131-2336, **WILLIAM C. HEALY, ESQ.**, 99 N.E. 4th Street, Third Floor/Civil Division, Miami, FL 33132-2111, and **RICHARD T. WOULFE, ESQ.**, P.O. Drawer 03040, 888 E. Las Olas Blvd., Suite 400 Ft. Lauderdale, FL 33303-0340, this 26 day of January, 2001.

> ICARD, MERRILL, CULLIS, TIMM,
>  FUREN & GINSBURG, P.A.
> 2033 Main Street, Suite 600
> Sarasota, Florida 34237
> Telephone: (941) 366-8100
> Attorneys for Plaintiff
>
> By: _____
> ROBERT E. MESSICK
> Florida Bar #314773
> JASON A. LESSINGER
> Florida Bar #0091601

F:\USERS\CJB\CJBC\OAKLAND\HUD-FED.CT\MEM-LAW2.HUD