UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6147-CIV-LENARD/Turnoff

NIGHT BOX
FILED
FEB 0 6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf
of OAKLAND LAKES, LTD., a Florida
Limited Partnership;

    Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E.
SCHULER, as General Partners of
OAKLANDS LAKES, LTD., THE SECRETARY
OF HOUSING AND URBAN DEVELOPMENT,
and CONDOR ONE, INC., a Delaware
Corporation,

    Defendants.
_____/

### HUD'S REPLY TO PLAINTIFF'S RESPONSE TO HUD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The United States Department of Housing and Urban Development ("HUD"), by and through its undersigned attorney, files its Reply in support of its Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and shows as follows:

I.  PLAINTIFF'S RESPONSE STILL FAILS TO DEMONSTRATE ANY VALID GROUNDS FOR JURISDICTION OVER THIS COMPLAINT AGAINST HUD

   A.  Plaintiff Has No Standing To Sue

   Plaintiff states in Plaintiff's Memorandum of Law in Opposition to HUD's Motion to Dismiss Plaintiff's Amended Complaint ("Pltf."s Resp.") that "it may now very well be necessary to realign the limited partnership as a Plaintiff in this action."[1] Pltf.'s Rsp. At 4. However, Plaintiff has wholly failed to address why Plaintiff's failure to comply with the express requirements of the Florida derivative lawsuit statute, the sole basis upon which Plaintiff's standing depends, does not compel dismissal of this action for lack of standing. Therefore, Plaintiff's Amended Complaint should be dismissed.

   B.  Plaintiff Has Still Not Demonstrated A Basis for Either Federal Question or Diversity Jurisdiction

   Plaintiff has also failed to respond to HUD's Defendant's arguments as to the lack of federal question or diversity jurisdiction. Since jurisdiction can properly be raised at anytime, Plaintiff's argument that HUD should not have "a second opportunity to challenge Counts I through III," id. at 5, is without merit, and Plaintiff's Amended Complaint accordingly should be dismissed.

---

[1] Plaintiff has not requested such a realignment, and thus the possibility of a realignment is not now before this Court.

II. PLAINTIFF RESPONSE STILL FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRATED

Plaintiff has relied, without any citation of authority, on the assumption that Federal Defendant cannot challenge parts of the Amended Complaint that "are identical to those counts raised in the original compliant." Id. However, it is well settled in the Eleventh Circuit that "[a]n amended complaint supersedes an original complaint." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345, n. 1 (11th Cir. 1999) (citing Dussouy v. Gulf Cost Inv. Corp., 660 F.2d 594, 601 (5th Cir. 1981)).

Despite Plaintiff's assertions to the contrary, the entirety of Plaintiff's Amended Complaint, as regards HUD, differs in major aspects from the original complaint. HUD's potential exposure, for example, has been drastically increased as the result of Plaintiff's dismissal from the lawsuit of the former general partners, one of whom entered into, allegedly without authority, the Provisional Workout Arrangement upon which Plaintiff's case is largely based.

Also as a result of Plaintiff's dismissal of the allegedly culpable general partners, the terms of the partnership agreement and other attached documents have become critical to HUD's defense of this lawsuit. HUD should not be precluded from responding to the allegations of Plaintiff's complaint, as currently amended, in light of the major changes presented by Plaintiff's Amended Complaint.

In addition, Count IV, which was previously directed to the former general partners, has now been amended to assert a claim against HUD. See Amd. Compl. at Count IV, ¶¶ 60 - 66 and Prayer for Relief. As this new claim "repeats and realleges Paragraphs 1 through 42 as if fully stated herein," id. at ¶ 61, the entire posture of the case, not just count IV, has changed. Therefore, HUD has properly moved to dismiss Plaintiff's Amended Complaint upon the grounds asserted, said Amended Compliant having superseded in its entirety the original complaint.[2]

Plaintiff has permitted to amend its original Complaint. Plaintiff has asserted no prejudice or unfairness that would result from HUD raising any defenses that HUD may choose to raise at this time in response to the Amended Complaint. Rather HUD will be prejudiced. Therefore, HUD should be permitted to reply to the Amended Complaint as it deems appropriate.

Finally, Plaintiff has made no credible arguments in response to why this Court should not dismiss Plaintiff's Amended Complaint.[3] For example, with respect to the alleged lack of

---

[2] To the extent that this Court finds that HUD is precluded from raising any arguments in its Motion to Dismiss Plaintiff's Amended Complaint, Federal Defendant respectfully requests that it be granted leave to amend its Motion to Dismiss Plaintiff's Complaint, as originally filed.

[3] The Plaintiff has chosen to attach to its Amended Complaint all of the documents which this Court needs in order to dismiss Plaintiff's Amended Compliant for failure to state a claim. Plaintiff has offered no valid justification why this Court should wait until the summary judgment state to dispose of this case. Plaintiff does not dispute that Plaintiff has long been in default on its mortgage note, Plaintiff's bankruptcy filing has been dismissed a s a bad faith filing, and Plaintiff offers no prospects for reinstating its mortgage.

authority of the former general partner to bind the partnership, Plaintiff implies that somehow the full language of Section 3.2 of the partnership agreement should have put HUD on notice that the general partner lacked authority to signed the Provisional Workout Arrangement. Pltf.'s Resp. at 6.

Even a cursory examination of the full language of Section 3.2 reveals that neither exception requiring investor approval could possibly apply to the facts of the present case. Plaintiff has not stated, and cannot legitimately state, that entering into the Provisional Workout Arrangement constituted a sale or refinancing so as to require investor approval.

III. CONCLUSION

Plaintiff's Amended Complaint against HUD should be dismissed because this Court lacks jurisdiction over Plaintiff's claims against HUD, and because Plaintiff has failed to state a claim against HUD upon which relief can be granted.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
WILLIAM C. HEALY
Assistant U.S. Attorney
Florida Bar No. 0848395
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9438
Fax: (305) 530-7139

OF COUNSEL:
Jud E. McNatt
Trial Attorney
U.S. Department of Housing
 and Urban Development
40 Marietta Street, S.W.
Atlanta, GA 30303-2806

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of February, 2001, to David W. Trench, Esq., Bilzin Sumerberg Dunn Price & Axelrod, L.L.P., 2500 First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131; and Robert F. Messick, Esq., Icard, Merrill, Cullis, Timm, Furen & Ginsberg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237.

_____
WILLIAM C. HEALY
Assistant U.S. Attorney