UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6147-CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as
General Partner of OAKLAND
PARK (FLORIDA) LIMITED PARTNERSHIP,
an Ontario limited partnership;
as limited partner of, and on behalf of
OAKLAND LAKES, LTD.,
a Florida Limited Partnership;

    Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,
WILLIAM O. BRISBEN, W.O. BRISBEN
COMPANIES, INC., and ROBERT E. SCHULER,
as General Partners of OAKLAND LAKES, LTD.,
THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

    Defendants.
_____/



Case No. 00-7847-CIV-LENARD/TURNOFF
(Consolidated and Administratively Closed)

CONDOR ONE, INC.,
a Delaware Corporation,

    Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,

    Defendant.
_____/

### OAKLAND LAKES' MOTION FOR ADDITIONAL EXTENSION OF TIME TO SERVE ITS MEMORANDUM OF LAW IN OPPOSITION TO CONDOR ONE, INC.'S MOTION FOR SUMMARY JUDGMENT

OAKLAND LAKES, by and through its undersigned attorneys, files this Motion for Extension of Time to Serve its Memorandum of Law in Opposition to Condor One, Inc.'s ("Condor") Motion for Summary Judgment, and as grounds therefor would show:

1. Condor served its Motion for Summary Judgment on February 7, 2001.

2. Pursuant to Rule 7.1 of Local Rules of the United States District Court for the Southern District of Florida, Oakland Lakes had until February 23, 2001 to respond.

3. Counsel for Oakland Lakes and counsel for Condor have reached a settlement of all claims in this case, and expected to finalize settlement by March 1, 2001.

4. Plaintiff therefore requested, with Defendant's consent, an extension through March 6, 2001, as approved by the Court's order granting the extension, entered February 28, 2001.

5. Plaintiff and Defendant have drafted settlement documents which are almost finalized, but the parties need more time to complete the settlement agreement.

6. Plaintiff, in order to continue to work to finalize settlement, would prefer to direct all of its efforts towards that endeavor, rather than responding to Condor's Motion for Summary Judgment at this time.

7. Based on the settlement negotiations, good cause exists to extend the time limit within which Oakland Lakes has to respond to Condor's motion.

8. Plaintiff would therefore respectfully request an extension until March 12, 2001 within which to file its Memorandum of Law in Opposition to Condor's Motion for Summary Judgment, in the unlikely event settlement is not effectuated.

9. Counsel for Oakland Lakes has discussed this motion with counsel for Condor, and they have no objection to this motion.

WHEREFORE, Plaintiff would respectfully request that this Court enter an order extending the time in which Plaintiff has to serve its memorandum in opposition to Condor's Motion for Summary Judgment until March 12, 2001.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: **DAVID W. TRENCH, ESQ.**, 2500 First Union Financial Center, Miami, FL 33131-2336, **WILLIAM C. HEALY, ESQ.**, 99 N.E. 4th Street, Third Floor/civil Division, Miami, FL 33132-2111, and **RICHARD T. WOULFE, ESQ.**, P.O. Drawer 03040, 888 E. Las Olas Blvd., Suite 400 Ft. Lauderdale, FL 33303-0340, this 6th day of March, 2001.

Respectfully submitted,

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, FL 34237
Telephone: (941) 366-8100
Attorneys for Plaintiff

By: _____
ROBERT E. MESSICK
Florida Bar No. 31477
JASON A. LESSINGER
Florida Bar No. 0091601

F:\USERS\CJB\CJBC\OAKLAND\HUD-FED.CT\MOT-EXT2.SJ