UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6147 CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as General
Partner of OAKLAND PARK (FLORIDA)
LIMITED PARTNERSHIP, an Ontario limited
partnership; as limited partner of, and on behalf
of OAKLAND LAKES, LTD., a Florida Limited
Partnership;

      Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, WILLIAM O. BRISBEN,
W.O. BRISBEN COMPANIES, INC., and
ROBERT E. SCHULER, as General Partners
of OAKLAND LAKES, LTD., THE SECRETARY
OF HOUSING AND URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

      Defendants.
_____/

FILED by ___ D.C.
APR 1 0 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. 00-7847-CIV-LENARD/TURNOFF

CONDOR ONE, INC.,
a Delaware corporation,

      Plaintiff,

vs.

OAKLAND LAKES, LTD.,
a Florida Limited Partnership,

      Defendant.
_____/

### AGREED ORDER APPOINTING RECEIVER

\72655\13375\#338529 v2
3/12/2001

THIS CAUSE came before the Court upon the Joint Motion to Appoint Receiver (the "Motion") by Plaintiff Condor One, Inc. and Defendant Oakland Lakes, Ltd., and the Court having reviewed the Motion and file and being advised that Defendant Oakland Lakes has consented to the appointment of a receiver, it is

ORDERED AND ADJUDGED as follows:

The Motion is GRANTED.

1. <u>Appointment</u>. Robert Ballard is hereby appointed Receiver of the properties described in Exhibit "A" to this Order and the personal property related thereto (hereinafter jointly called the "Property"). The Receiver shall serve as such until further order of this Court.

2. <u>Oath</u>. No later than twenty (20) days after the entry of this Order, Receiver shall file with this Court an Oath of Receiver.

3. <u>Bond</u>. Receiver shall obtain a surety bond in the amount of $300,000.00, to be provided by a corporate surety, guaranteeing performance by him of the duties and obligations of the office of receivership, the bond to be payable to this Court in order to provide coverage to the parties as their respective interests may appear for loss due to acts of all agents, servants, or employees of such Receiver, and to be submitted to the Clerk of this Court for approval no later than twenty (20) days the entry of this order.

4. <u>Inventory</u>. Receiver shall prepare and file, within thirty (30) days from the date he takes possession of the Property, a full and detailed inventory, under oath, of all the real and personal property and assets of which he is hereby given custody.

5. <u>Possession of Property</u>. Upon filing the Oath of Receiver, Receiver shall take possession of all the assets, files, papers, records, documents, security deposits, monies, choses in action, books of account, and all other property, real, personal, or mixed of Defendant Oakland Lakes which relate to the Property, and shall retain custody of all the Property, records, and documents until further order of this Court. All persons or corporations now or hereafter in possession of the Property, or any part thereof, or any other of the items entrusted to Receiver shall forthwith surrender such possession to Receiver. All parties, and their respective employees and agents, shall have access to the above records and documents upon reasonable notice and during business hours. Receiver is hereby authorized to employ agents, servants and employees and contractors necessary for the purpose of taking possession of the Property, and carrying out the terms of this Order.

6. <u>Keys</u>. Upon Receiver's taking possession of the Property, Defendant Oakland Lakes and its agents and employees, are ordered to deliver to the Receiver all keys and combinations to any locks which must be opened for access to the Property or are needed to obtain access to any deposit box, safe or other place for the safekeeping of records or money pertaining to the Property.

7. <u>Delivery of Leases</u>. Defendant Oakland Lakes and its agents, employees or other representatives shall, no later than fifteen (15) days after the filing of the Oath of Receiver, deliver to Receiver all existing written leases, the current rent roll, aged accounts receivable trial balance, all unpaid bills and aged accounts payable trial balance. Defendant Oakland Lakes also shall, no later than fifteen (15) days after the filing of the Oath of Receiver, provide Receiver with complete and accurate terms of all oral lease agreements.

8. <u>Managing Property</u>:

(a) <u>Leasing and collection of rental income</u>. Receiver shall collect all rental income generated by or from the Property and deposit said income into an interest-bearing trust account which account shall be maintained at a bank or savings and loan association whose deposits are insured by the FDIC. Receiver shall have the authority to withdraw funds from said trust accounts for the purpose of managing, preserving, protecting and maintaining the Property and insurance thereon. Receiver shall determine a leasing plan for the Property consistent with reasonable and customary leasing practice and in the best interest of the Property. Receiver shall have the authority to incur reasonable expenses in marketing the Property for the purpose of additional leasing and Receiver shall have the power to enter into lease agreements for the Property. Absent a timely objection in writing, Receiver may enter into the proposed lease. Receiver shall also have the authority to initiate eviction actions against any tenant in violation of its lease agreement, and shall be empowered to employ legal counsel at a reasonable fee for the purpose of maintaining any necessary eviction actions.

(b) <u>Operation</u>. Receiver shall use his best efforts to operate the Property profitably, to maintain the buildings, appurtenances and grounds of the Property in accordance with standards appropriate for the Property, including, without limitation, landscaping and such other normal maintenance and repair work as may be appropriate, subject to the requirements and limits of the Budget, as defined in (c) below.

(c) <u>Budget</u>. Receiver operate the Project pursuant to the operating budget (the "Budget") attached to this order as Exhibit "A". Receiver shall not incur any additional expenses without written consent of both Plaintiff and Defendant or further order of this Court.

(d)     Excess Net Operating Income. The lesser of (i) $209,725, or (ii) all net operating income remaining after payment of monthly expenses listed in the Budget, shall be disbursed to Plaintiff to be applied toward partial payment of the outstanding amounts due to Plaintiff under the loan documents at issue. This monthly excess net operating income shall be delivered to Plaintiff by the tenth (10th) day following each month during which the Receiver is in possession of the Property.

9.      Removal and Posting of Signs. Receiver shall be empowered to remove all signs from the premises which advertise that those interested in leasing the Property should contact Defendant Oakland Lakes or any of its agents and shall be empowered to post advertising requesting that all people interested in leasing the Property should contact the Receiver or his agents.

10.     Specific Duties of Receiver. Receiver shall use his best efforts to manage, preserve, protect, and maintain the Property in a reasonable, prudent, diligent and efficient manner, and may engage such employees or agents as are necessary or appropriate to accomplish the foregoing. Without limitation of that general duty, Receiver shall have the following specific duties:

(a)     Insurance. Receiver shall maintain appropriate insurance for the Property, including fire, flood and extended liability coverage insurance, insurance against vandalism, and premises liability insurance. Defendant Oakland Lakes shall promptly provide the Receiver with a complete and accurate copy of all existing insurance policies related to the Property.

(b)     Use and Maintenance of Premises. Receiver shall not permit the use of the Property for any purpose which will or might void any required policy of insurance or which might render any loss thereunder uncollectible or which would be in violation of any law or government restriction.

(c) <u>Records</u>. Receiver shall maintain a comprehensive system of office records, books, and accounts concerning the expenses related to maintaining the Property. Upon reasonable notice, and at all reasonable times, all parties to this cause, and their respective agents and other representatives, shall have reasonable access to such records, accounts and books and to all vouchers, files and all other material pertaining to the operation of the Property, all of which Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Property.

(d) <u>Legal Requirements</u>. Receiver shall ensure that all aspects of the Property, and its operation and management, comply with any and all laws, regulations, orders or requirements affecting the Property issued by any federal, state, county or municipal authority having jurisdiction thereover.

(e) <u>Capital Repairs and Improvements</u>. Receiver shall not incur any obligation for capital expenditures or other major repairs, improvements, additions or alterations to the Property in excess of $10,000 without prior order of this Court or written consent of Plaintiff and Defendant Pelekanos Equities.

(f) <u>Services Contracts</u>. Receiver shall not enter any service contract affecting the Property, unless such service contact has a thirty (30) day cancellation clause.

(g) <u>No Waste</u>. Receiver shall not suffer, cause or permit: (i) any removal of any real or personal property which constitutes any part of the Property; nor (ii) any waste of the Property or any of the components thereof.

11. <u>Monthly Reports</u>. Receiver is directed to prepare on or before the fifteenth (15th) day of each month, commencing on the 15th day of the first full calendar month beginning after the date

of entry of this Order, so long as all or any portion of the Property shall remain in his possession, a full and complete report, under oath, setting forth all receipts and disbursements, cash flow, and reporting all material changes in the Property and all material claims against the Property during the prior month. Each monthly report shall include (A) a summary of all rents collected during the prior month specifying the date, source, and amount of each payment received, (B) a monthly operating report showing all expenditures for the prior month broken down into the categories shown on the Budget, (C) a check register showing all disbursements from the trust account for the prior month, (D) copies of the most recent statements for the trust account, and (E) such other reports as Plaintiff and Defendant jointly request. The Receiver is directed to serve a copy of each report on the attorneys of records for the parties herein. Nothing herein shall be deemed to authorize the Receiver to undertake any activity not specifically authorized elsewhere in this Order, but if any such activity is required or permitted to be undertaken pursuant to further order of this Court, the Receiver shall conduct such activity in accordance with the terms of such further Order.

12. <u>Fees and Management Contract</u>. Receiver is authorized to enter into a standard management contract with Icorr Properties, Inc. to assist him in managing the Property for a fee of 5% of the gross collections, to be paid monthly. In consideration of such fee, Receiver shall waive entitlement to any additional fee.

13. <u>No Interference</u>. Except as otherwise requested or authorized by the Receiver, Plaintiff and its agents, servants, employees, representatives and attorneys are hereby enjoined from collecting, or attempting to collect, any rents and profits of the Property and from interfering in any manner with the management of the Property by Receiver.

14. <u>Counsel</u>. Receiver is hereby empowered to employ his own legal counsel to furnish legal advice to the Receiver for any such purpose as may be necessary during the period of receivership.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida this _10_ day of _April_, 2001.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
Counsel of Record