UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6147 CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as General
Partner of OAKLAND PARK (FLORIDA)
LIMITED PARTNERSHIP, an Ontario limited
Partnership; as limited partner of, and on behalf
of OAKLAND LAKES, LTD., a Florida Limited
Partnership;

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, WILLIAM O. BRISBEN,
W.O. BRISBEN COMPANIES, INC., and
ROBERT E. SCHULER, as General partners
of OAKLAND LAKES, LTD., THE SECRETARY
OF HOUSING AND URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

    Defendants.
_____/

Case No. 00-7847-CIV-LENARD/TURNOFF

CONDOR ONE, INC.,
a Delaware corporation,

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, THE FLORIDA HOUSING FINANCE
CORPORATION f/k/a THE FLORIDA HOUSING
FINANCE AGENCY, a Florida not-for-profit
Corporation, and WILSON C. ATKINSON, III, as Trustee,

    Defendants.
_____/

## **DEFENDANT, FLORIDA HOUSING FINANCE CORPORATION'S ANSWER TO AMENDED COMPLAINT**

Defendant, Florida Housing Finance Corporation, a public corporation and a public body corporate and politic, and the successor in interest to the Florida Housing Finance Agency, a state agency and instrumentality (hereinafter "Florida Housing"), answers the Amended Complaint of Plaintiff, Condor One, Inc., and states:

1. The allegations contained in paragraphs 1, 2, and 3 of the Amended Complaint are admitted for jurisdictional purposes only.

2. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 4 and 5 of the Amended Complaint, and therefore the allegations are denied.

3. Paragraph 6 of the Amended Complaint is denied. For purposes of clarification the Defendant, Florida Housing Finance Corporation is a public corporation and a public body corporate and politic, and the successor in interest to the Florida Housing Finance Agency, a state agency and instrumentality.

4. Defendant, Florida Housing is without knowledge of the allegations contained in paragraph 7 of the Amended Complaint, and therefore the allegations are denied.

5. The allegations contained in paragraph 8 of the Amended Complaint are admitted for jurisdictional purposes only.

6. Paragraph 9 of the Amended Complaint is denied. For purposes of clarification, the original amount of the loan as evidenced by the Promissory Note executed on or about October 1, 1989 was in the amount of $24,000,000.

7. Paragraph 10 of the Amended Complaint is admitted.

8. Paragraph 11 of the Amended Complaint is denied. For purposes of clarification, the original amount of the loan as evidenced by the Promissory Note executed on or about October 1, 1989 was in the amount of $24,000,000.

9. Paragraph 12 of the Amended Complaint is admitted.

10. Defendant, Florida Housing is without knowledge of the allegations contained in paragraph 13 of the Amended Complaint, and therefore the allegations are denied.

11. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Amended Complaint, and therefore the allegations are denied.

## COUNT I

12. In response to paragraph 28 of the Amended Complaint Defendant, Florida Housing realleges and reasserts its answers to paragraphs 1 through 27.

13. The allegations contained in paragraph 29 of the Amended Complaint are admitted for jurisdictional purposes only.

14. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 30, 31, 32, 33, and 34, of the Amended Complaint, and therefore the allegations are denied.

15. Defendant, Florida Housing admits that it claims an interest in and lien upon the subject property by virtue of that certain Land Use Restriction Agreement made as of October 1, 1989 mortgage recorded in Official Records Book 6821, Page 479, of the Public Records of Broward County, Florida, but Defendant denies that its interest is inferior to Plaintiff's lien.

16. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 36, 37, and 38 of the Amended Complaint, and therefore the allegations are denied.

## COUNT II

17. In response to paragraph 39 of the Amended Complaint Defendant, Florida Housing realleges and reasserts its answers to paragraphs 1 through 37.

18. The allegations contained in paragraph 40 of the Amended Complaint are admitted for jurisdictional purposes only.

19. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 41, 42, 43, 44, and 45 of the Amended Complaint, and therefore the allegations are denied.

## COUNT III

20. In response to paragraph 46 of the Amended Complaint Defendant, Florida Housing realleges and reasserts its answers to paragraphs 1 through 37.

21. The allegations contained in paragraph 47 of the Amended Complaint are admitted for jurisdictional purposes only.

22. Defendant, Florida Housing is without knowledge of the allegations contained in paragraphs 48, 49, and 50 of the Amended Complaint, and therefore the allegations are denied.

WHEREFORE, Defendant, Florida Housing Finance Corporation, respectfully requests that the Court determine the respective priorities of the Plaintiffs and the Defendants, if any proceeds remain after the sale of the property pursuant to Plaintiffs

Amended Complaint, that said proceeds be awarded in accordance with the priorities so determined and for such other and further relief as the Court deems just and equitable.

/s/ Elizabeth G. Arthur
ELIZABETH G. ARTHUR, ESQUIRE
Fla. Bar No. 0974020
Attorney for Defendant,
Florida Housing Finance Corporation
227 North Bronough Street, Suite 5000
Tallahassee, Florida 32301
(850) 488-4197

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was provided, postage prepaid, by U.S. Mail to David W. Trench, Esq., Bilzin, Sumberg, et al., 2500 First Union Financial Center, 200 South Biscayne Blvd., Miami, FL 33131, this 4th day of May, 2001.

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur, Esquire