UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6147 CIV-LENARD/TURNOFF

813268 ONTARIO, INC., as General
Partner of OAKLAND PARK (FLORIDA)
LIMITED PARTNERSHIP, an Ontario limited
partnership; as limited partner of, and on behalf
of OAKLAND LAKES, LTD., a Florida Limited
Partnership;

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, WILLIAM O. BRISBEN,
W.O. BRISBEN COMPANIES, INC., and
ROBERT E. SCHULER, as General Partners
of OAKLAND LAKES, LTD., THE SECRETARY
OF HOUSING AND URBAN DEVELOPMENT, and
CONDOR ONE, INC., a Delaware Corporation,

    Defendants.
_____/

FILED by 95 D.C.

JUN 2 2 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. 00-7847-CIV-LENARD/TURNOFF

CONDOR ONE, INC.,
a Delaware corporation,

    Plaintiff,

vs.

OAKLAND LAKES, LTD., a Florida Limited
Partnership, and THE FLORIDA HOUSING FINANCE
CORPORATION, F/K/A THE FLORIDA HOUSING
FINANCE AGENCY, a state agency and instrumentality and
a public body corporate and politic existing under
the laws of the State of Florida, and WILSON C. ATKINSON, III,
as Trustee,

    Defendants.
_____/



## FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE came to be heard upon the Plaintiff's Motion for Final Summary Judgment of Foreclosure. The Court has reviewed the motion and other pertinent portions of the record and is otherwise fully advised. After due consideration, the Court rules as follows:

## FINDINGS OF FACTS

1. The Court has jurisdiction over this action. Due and legal service of process has been perfected upon the defendants: Oakland Lakes, Ltd., The Florida Housing Finance Corporation, f/k/a The Florida Housing Finance Agency, and Wilson C. Atkinson, III, as Trustee.

2. On or about October 5, 1989, Defendant Oakland Lakes, Ltd. ("Oakland Lakes") obtained from Cincinnati Mortgage a mortgage loan ("Loan") endorsed for co-insurance by the Secretary of Housing and Urban Development ("HUD") and in connection with such mortgage loan executed an amended and restated renewal mortgage note ("Note") dated October 5, 1989, in the principal amount of $22,779,600 and, as security for payment of the Note, executed an amended and restated renewal mortgage, assignment of rents and security agreement ("Mortgage") dated October 5, 1989, which was recorded in Official Records Book 6818, Page 0609 of the Public Records of Broward County, Florida.

3. The Mortgage constitutes a valid lien on the real and personal property described therein, located in Broward County, Florida ("Mortgaged Property"). The Mortgaged Property is owned by Oakland Lakes and includes, without limitation, a residential apartment project located at 2325 N.W. 33rd Street, Fort Lauderdale, Florida 33309 in Oakland Park, Broward County, Florida.

4. Subsequent to October 5, 1989, Oakland Lakes defaulted in its payment obligations on the Note and Mortgage, and thereafter the Note and Mortgage were assigned by Cincinnati

Mortgage to the Government National Mortgage Association and, thereafter were assigned by Government National Mortgage Association to The Secretary of Housing and Urban Development ("HUD").

5. Effective February 1, 1995, HUD and Oakland Lakes entered into a written Provisional Workout Arrangement ("PWA") under which HUD agreed to forbear from enforcing the terms and provisions of the defaulted Note and Mortgage provided certain conditions were met by the Oakland Lakes.

6. On or about May 8, 1995, HUD transferred and assigned the Note, Mortgage, other loan documents and the PWA to Plaintiff which continues to own and to hold such documents.

7. Oakland Lakes defaulted under the terms of the PWA by, among other things, failing to make certain payments when the same became due. Thereafter, on July 14, 2000, Plaintiff served Oakland Lakes with a demand letter reciting Oakland Lakes' default and asserting Lender's rights under the Note and Mortgage and PWA and accelerating all amounts due and payable under the Note and Mortgage and, pursuant to Florida Statutes, §697.07, demanding all rents, income and profits from and of the Mortgaged Property.

8. On August 24, 2000, Plaintiff initiated an action against Oakland Lakes in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 00-141108, seeking to foreclose the Note and Mortgage based upon the default by Oakland Lakes under the terms and provisions of the Note, Mortgage and PWA.

9. On or about December 18, 2000, this action was noticed for removal pursuant to the Notice of Removal filed by Oakland Lakes in the United States District Court, Southern District of Florida, Miami Division, Case No. 007847-CIV-Jordan.

10. On December 22, 2000, Judge Jordan entered an order in this action granting Plaintiff's Motion to Sequester Rents and thereafter entered an agreed order extending its prior order granting the Motion to Sequester Rents.

11. On April 10, 2001, Robert Ballard ("Receiver") was appointed receiver by order of this Court and directed to collect, and preserve the rents, income and profits of the Mortgaged Property.

12. On April 11, 2001, Plaintiff amended its complaint to add The Florida Housing Finance Corporation, f/k/a The Florida Housing Finance Agency ("FHFA"), and Wilson C. Atkinson, III, as Trustee ("Atkinson"), as parties defendant.

13. The lien of the Mortgage is superior to any interest, claim or estate of FHFA or Atkinson in the Mortgaged Property.

14. There is due and owing to Plaintiff under the Note and Mortgage: $22,773,531.78 in principal, plus interest at the Note rate through the date of this Final Judgment.

## CONCLUSIONS OF LAW

15. Plaintiff is entitled to the entry of judgment in its favor against Defendants on Plaintiff's Amended Complaint.

16. The Land Use Restriction Agreement ("Restriction Agreement") made as of October 1, 1989, among Oakland Lakes, FHFA and Cincinnati Mortgage Corporation shall terminate upon the sale of the Mortgaged Property pursuant to the terms of this Final Judgment and thereafter shall no longer affect the Property.

Wherefore, it is ORDERED and ADJUDGED that:

17. Final Judgment is hereby entered in favor of Plaintiff on its Amended Complaint.

\72655\13375\ # 513523 v 1
6/11/01 1:01 PM

18. Plaintiff is due the following sums under the Note and Mortgage:

| | |
|---|---|
| Principal Balance | $22,773,531.78 |
| Interest through May 17, 2001 | $2,278,034.03 |
| Interest from May 17, 2001 through Date of Final Judgment | $ _statutory rate_ (handwritten) |
| ~~TOTAL SUM:~~ | $ _____ |

19. Plaintiff holds a lien for the total sum due to it under the Note and Mortgage as set forth in paragraph 18 herein, superior to any claim or estate of the Defendants to the Mortgaged Property, described on Exhibit "A" attached hereto, and to the rents, income and profits from the Mortgaged Property held by the Receiver.

The Mortgaged Property described on Exhibit "A" and the rents, income and profits of the Mortgaged Property held by the Receiver are hereafter referred to collectively as the "Property."

20. Unless Oakland Lakes shall pay the total sum due to Plaintiff, together with post-judgment interest and all costs of this action accruing subsequent to this Final Judgment, the Special Master, appointed pursuant to paragraph 21 of this Final Judgment, shall sell the Property at public sale pursuant to 28 U.S.C. §2001 et seq. and in accordance with this Final Judgment, to the highest and best bidder for cash, at the entrance outside the lobby of the United States District Courthouse in Miami, Florida at 301 North Miami Avenue, Miami, Florida 33128, after having first given notice required by 28 U.S.C. §2002, at 11:00 a.m. EDT on a date set by the Special Master, after consultation with counsel for Plaintiff and counsel for Oakland Lakes, but no later than thirty (30) days from the date of this Final Judgment.

21. Neale J. Poller, Esq. is hereby appointed Special Master in this action to conduct the public sale ordered by this Final Judgment. The Special Master shall conduct the public sale in

\72655\13375\ # 513523 v 1
6/11/01 1:01 PM

accordance with the provisions of this Final Judgment.

22. . The Special Master shall publish a notice of the public sale in a newspaper of general circulation in Broward County, Florida, at the frequency of one time each week for two (2) consecutive weeks prior to the sale. Prior to the Special Master's invitation to bid, upon request of any person attending the sale, the Special Master may read the description of the Property being sold. Plaintiff may bid at the sale. Plaintiff or its assigns shall be entitled to a credit bid at the sale of up to the full amount due Plaintiff as set forth in paragraph 18 of this Final Judgment. The Property shall be sold by the Special Master free and clear and discharged of any and all claims, liens, encumbrances, rights, equities and interests of the Defendants, and all persons or entities, claiming by, through or under them, or otherwise, since the recordation of the lis pendens in this matter in the public records of Broward County, Florida. Oakland Lakes shall have the right to redeem the Property up to 5:00 p.m. EDT on the business day preceding the scheduled date of the sale, by confirmed wire transfer of funds. Upon completion of the sale in accordance with the terms of this Final Judgment, the Special Master shall issue a certificate of sale to the successful bidder. Upon completion of the sale and issuance of a certificate of sale, the Special Master shall file a report of the sale with the Court within forty-eight (48) hours of the sale date. The Defendants shall have a period of ten (10) calendar days from the sale date in which to file and serve any objections to the sale. In the event Plaintiff is not the successful bidder, any objections to the sale shall also be served on the successful bidder. In the event no objection to the sale is filed within ten (10) calendar days of the sale date and served on the Special Master, the public sale shall stand confirmed by operation of this Final Judgment and the Special Master is authorized and directed without further order of this Court to issue a Special Master's Deed for the Property to the successful bidder or its successors or

assigns. In the event an objection to the sale is filed within ten (10) calendar days of the sale date, this Court shall expeditiously rule on such objection upon the filing of a motion for confirmation of sale made by Plaintiff or the successful bidder at the sale.

23.    Plaintiff shall advance all subsequent costs of the sale ordered herein, including, but not limited to, the costs of publishing the notice of sale and the Special Master's fee for conducting the sale, and shall be reimbursed for them by the Special Master from the proceeds of the sale if Plaintiff is not the purchaser of the Property at the sale. If Plaintiff is the purchaser, the Special Master shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Final Judgment or such part of it as is necessary to pay the bid in full.

24.    If any person other than Plaintiff, or Plaintiff's successors or assigns, is the successful bidder at the sale, said person must pay in cash twenty percent (20%) of the successful bid to the Special Master at the time of the sale ("Deposit") and the remainder of the bid amount within twenty-four (24) hours of the sale. The Deposit shall be nonrefundable and the notice of sale shall state the requirement of the Deposit and that the Deposit is nonrefundable. If the successful bidder is unable to post the Deposit at the time of the sale simultaneously with the bid, the Special Master shall immediately accept the second highest bid as the successful bid for the Property, subject to the required Deposit set out above and in accordance with the provisions of this Final Judgment, without the necessity of readvertising or rescheduling the sale. The procedures for the sale set forth in this paragraph shall be announced by the Special Master at the sale prior to the Special Master's initiation of bidding on the Property. In the event the Deposit is made but the remainder of the amount of the successful bid is not paid to the Special Master as set out in this paragraph within twenty-four (24) hours of the sale, the Special Master is authorized to reschedule the sale for a date no later than

twenty (20) days from the date of the original sale, re-publish notice of the sale in accordance with the procedures set forth herein and conduct a second public sale of the Property.

25. After issuance of the Special Master's Deed or this Court's confirmation of the sale, as set forth in paragraph 22 of this Final Judgment, the Special Master shall distribute the proceeds of the judicial sale, so far as they are sufficient, as follows:

(a) all costs and expenses of these proceedings incurred by Plaintiff subsequent to the entry of this Final Judgment, including the costs of publishing the notice of sale and the Special Master's fee for conducting the sale; and

(b) the total sum due to Plaintiff as set forth in paragraph 18 herein plus interest at the rate prescribed by law from the date of this Final Judgment to the date of the sale.

26. If the total sum realized from the sale exceeds the total sums ordered to be paid Plaintiff under this Final Judgment, the excess shall be paid by the Special Master into the registry of the Court to thereafter be disbursed as this Court shall hereafter direct.

27. Upon issuance of the Special Master's Deed or confirmation of the sale by this Court, as set forth in paragraph 22 of this Final Judgment, the purchaser, its successors or assigns, shall be let into possession of the Property so conveyed forthwith without hindrance or delay.

28. Upon issuance of the Special Master's Deed or confirmation of the sale by this Court, as set forth in paragraph 22 of this Final Judgment, the receivership on the Property shall terminate. The Receiver is directed to file his final accounting for the Property with the Court no later than thirty (30) days from the date of issuance of the Special Master's Deed. The Receiver is further directed to serve copies of his final accounting on the parties to this action and on the purchaser who is the grantee in the Special Master's Deed.

29.  Jurisdiction of this action is retained to enter further orders as are just and proper including, without limitation, orders pertaining to the judicial sale ordered herein and writs of possession for the Property.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida this 22 day of June, 2001.

_____
Joan A. Lenard
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
Counsel of Record